AT INDIANAPOLIS, MAY TERM, 1831, IN THE FIFTEENTH YEAR
OF THE STATE.

---

## MEMORANDA.

THE constitutional term for which the Judges of the Supreme Court were commissioned, expired during the preceding vacation.

In the same vacation, *Stephen C. Stevens* and *John T. M'Kinney*, Esquires, were appointed Judges, in the place of *James Scott* and *Jesse L. Holman*, Esquires. And, at the same time, *Isaac Blackford*, Esquire, was re-appointed one of the Judges of the Court.

The commissions of the present Judges bear date on the 28th day of *January*, 1831.

---

## Evans and Others *v.* The State.

Debt against *A.* on a penal bond payable to the state. The condition of the bond was, that *A.* should well and truly discharge the duties of collector of the state and county revenue of *Owen* county for the year 1829, and pay over the same as by law required. The declaration, after setting out the bond and condition, averred that *A.* had not paid over the taxes assessed on the county of *Owen* to the county trea-

surer, nor accounted for the same to the said treasurer, in the manner prescribed by law. *Held*, on special demurrer, that the declaration was insufficient.

EVANS
v.
THE STATE.

*Thursday,
May 5.*

ERROR to the *Owen* Circuit Court.

STEVENS, J.—This was an action of debt brought by the defendant in error, in the *Owen* Circuit Court, on the relation of *Samuel Howe*, the treasurer of said county of *Owen*, against the plaintiffs in error, on a bond for 20,000 dollars payable to the state of *Indiana*, bearing date the 19th day of *June*, 1829, conditioned that the said *Andrew Evans*, jun. "should well and truly discharge the duties of collector of the state and county revenue of the county of *Owen* aforesaid for the year 1829, and pay over the same as by law required." The declaration sets out the bond and condition, and then avers "that the said *Andrew Evans*, jun. wholly failed and neglected to discharge his duty as such collector, and more especially in this, to wit, that the said *Andrew Evans* has wholly failed and neglected to pay over the taxes assessed on his county of *Owen* to the treasurer of said county, or to account therefor to said treasurer in the manner prescribed by law." These are all the substantive breaches assigned. The defendants demurred to the declaration and set down as causes of demurrer, 1st, "that it does not appear by said declaration, that the assessment roll for the year 1829 was delivered by the clerk to the said *Andrew Evans*, jun.; 2dly, the declaration does not show the amount of taxes collected by said *Andrew Evans;* and, 3dly, there is no averment that any precept was ever delivered to the said *Andrew Evans*, commanding him to collect the taxes for the year 1829." The demurrer was overruled and judgment rendered for the plaintiff; and the question now is, whether the Court erred in overruling the demurrer and rendering judgment against the defendants in favour of the plaintiff.

The bond declared on is a penal bond, conditioned for the performance of the duties of a collector of state and county revenue. There is no original debt due from the obligors to the obligee, and the obligee could have no right of action, legally, until the collector failed to discharge his duties as such collector. Collectors of revenue have no duties to perform until there is an assessment of taxes made, and the assessment rolls corrected, approved, and filed in the office of the clerk of the

Circuit Court of the proper county, and a true transcript of such assessment roll delivered by the clerk to the collector, together with a precept in the name of the state of *Indiana,* under the seal of the Circuit Court, commanding the collector to collect the taxes set forth in the copy of the assessment rolls so delivered to him. R. C. 1824, p. 342, sec. 10, 11. Stat. 1825, p. C8, sec. 15, 16.

To entitle the plaintiff in this case to recover a final judgment and execution, it was necessary that he should spread upon the record, by legal averments, an assignment of breaches showing that the collector, *Andrew Evans,* had failed to perform his duties as such collector, and that thereby damages had been sustained. There are two modes by either of which this could have been done. The bond could have been declared on as a common bond, and the breaches assigned in the replication to the defendants' plea, if they had pleaded, setting out the condition; if they had not so pleaded, the breaches could have been assigned upon the record: or the bond and condition could have been set out, and the breaches assigned in the declaration. *Gainsford* v. *Griffith,* 1 Saund. 58, n. 1.—*Ethersey* v. *Jackson,* 8 T. R. 255.—*Homfray* v. *Rigby,* 5 M. & S. 60.—*De La Rue* v. *Stewart,* 2 New Rep. 362.—1 Blackf. Rep. Appendix, 437. The plaintiff has elected the latter mode, and has assigned two breaches only. First, "that the said *Andrew Evans,* jun. has wholly failed and neglected to discharge his duty as such collector." This breach is insufficient, being vague and general without specifying how or in what manner he neglected and failed. *Shum* v. *Farrington,* 1 Bos. & Pul. 640.—*Cornwallis* v. *Savery,* 2 Burrow, 772.—*Cheshire Bank* v. *Robinson,* 2 New Hamp. Rep. 126. The other breach is, "that the said *Andrew Evans* has wholly neglected and failed to pay over the taxes assessed on his said county." This breach is also insufficient, standing alone as it does, unsupported by other necessary averments. The averment may be true and yet the plaintiff not legally entitled to recover. It must appear by proper averments, that there was an assessment of taxes for county purposes on the county of *Owen* for the year 1829; and that there were assessment rolls of said taxes made, corrected, approved, and filed in the office of the clerk of the Circuit Court of the county; and that a true copy thereof had been delivered by

May Term, 1831.

the clerk to the collector, together with a precept commanding him to collect the taxes according to law.

EVANS
v.
THE STATE.

*Per Curiam.*—The judgment is reversed. Cause remanded to the Circuit Court, with directions to permit the plaintiff below to withdraw the joinder in demurrer, and amend the declaration.

*Hester*, for the plaintiffs.

*Naylor*, for the defendant.