Sullivan, J.
Debt on a collector’s bond. There were two counts in the declaration; the first as on a common bond ; the second sot out the condition and assigned breaches. Gen *184 eral demurrer to the first count, and special demurrer to the second. The demurrers were sustained and judgment given for the defendants.
The ground upon which the Court sustained the demurrer to the first count was, that it did not set out the condition of the bond, and contain an assignment of breaches. It was decided by this Court in the case of Evans et al. v. The State, 2 Blackf., 387, that in a suit upon a bond like the one before us, it was at the option of the plaintiff to declare as *upon a coinmon bond, and assign breaches in his replication to the defendant’s plea, or suggest them upon the record, as the case might require; or to set out the condition in his declaration and assign the breaches there. That decision has been • subsequently recognized and followed. The State, &c., v. Kizer, Nov. Term, 1841.(1) The Court, therefore, erred in sustaining the demurrer to that count.
We think the Court also erred in sustaining the demurrer to the second count. It is averred in that count,- that an assessor was appointed by the board of commissioners at the proper term, for the year 1838; that he entered into bond and took the oath required by law; that he made an assessment of the taxable property in Glay county, and delivered a list sworn to, to the board of commissioners, who carefully compared, corrected, and approved it; that they fixed the ratio; that the clerk made out and delivered to the collector a proper duplicate of said roll and tax list, corrected and approved as aforesaid, together with a precept commanding him, &e.
The exceptions taken to the count relate to the manner in which the assessor and clerk performed their duties. For example, it is contended that the count is bad, because it does not show that the assessor set down each township in alphabetical order, as the statute directs; nor that the assessment was made on actual view, and the lands of residents and nonresidents separately assessed; that it does not appear that the clerk prepared a list, &c., within twenty days after the appointment of the assessor, &c. The objections are not well founded. It appears from the declaration, that an assessment *185 was made by an assessor duly appointed, and that a corrected duplicate of the assessment roll, sucb as the law requires, together with the proper writ, was delivered by the clerk to the collector. This was sufficient, prima fade, to make the defendants liable, if the collector failed to collect, or failed to pay over the amount collected by him. Even if the plaintiff were bound to prove upon the trial, that the assessor and clerk had discharged their duties in the particular manner directed by the statute, a question which we do not now determine, we think the averments in the *second count are sufficient to admit the proof. It is .not necessary in pleading to state that which is merely matter of evidence. Steph. on Pl., 342.
H. O’Neal and O. P. Hester, for the State.
A. Kinney and 8. B. Qoolcins, for the defendants.
Per Ouriam.—The judgment is reversed with costs. Cause remanded, &c.

 Ante, p. 44.