*J. S. Newman*, for the plaintiff.

Nov. Term, 1850.

THE STATE v. SUMNER.

---

## THE STATE *v.* SUMNER.

The malicious killing of a dog is an indictable offence under our statute on the subject of malicious mischief.

ERROR to the *Spencer* Circuit Court.

PERKINS, J.—This was an indictment against *Thomas Sumner* for maliciously killing a dog of the value of 10 dollars, the property of *Nicholas Fisher*. The Court quashed the indictment on the ground, we are informed by counsel, that a dog was not regarded by the law as of any value.

The common law divides animals having the power of locomotion, exclusive of man, into three classes, viz., such as are *domitæ naturæ*—tame animals; such as are

Wednesday, December 4.

*feræ naturæ*—wild animals; and such as, whether wild or tame, are of so base a nature as not to be the subject of larceny. This latter class is composed out of the two former. In the first class "a man may have as absolute a property as in any inanimate beings; because these continue perpetually in his occupation, and will not stray from his house or person, unless by accident or fraudulent enticement, in either of which cases the owner does not lose his property." But in the second class, "a man can have no absolute property." 2 Blackf. 390. In all animals of the third class belonging also to the first, that is, those *domitæ naturæ,* but base, a man may have an absolute property. *Blackstone* says, Book 4th, 236, "As to those animals which do not serve for food, and which therefore the law holds to have no intrinsic value, as dogs of all sorts, and other creatures kept for whim and pleasure, though a man may have a base property therein, and maintain a civil action for the loss of them, yet they are not of such estimation, as that the crime of stealing them amounts to larceny." A dog is an animal belonging, by the common law, to the first and third classes. He is tame. He continues perpetually with his master " and will not stray from his house or person unless through fraudulent enticement." He is "a well known domestic animal." Bouv. L. Dic. Tit. *Dog.* A man, therefore, at common law, may have an absolute property in him. And, indeed, in "*Respublica* v. *Teischer*," 1 Dal. 335, which was an indictment for stealing a horse, *McKean*, C. J., in delivering the opinion of the Court, said: "The poisoning of chickens; cheating with false dice; fraudulently tearing a promissory note, and many other offences of a similar description, have heretofore been indicted in *Pennsylvania;* and 12 Mod. 337, furnishes a case of an indictment for killing a dog—an animal of far less value than a horse." A dog, then, being a domestic animal, is a subject of absolute property, and, though not intrinsically for his flesh, yet extrinsically for his use, being of some, we might say of much, value, the killing of him under our statute is an indictable offence. The statute enacts,

(section 71, p. 975, R. S.,) that "every person who shall maliciously," &c., "destroy," &c., "*any* property," &c., shall be fined.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*D. Wallace* and *A. L. Robinson*, for the state.

*C. Baker*, for the defendant.