JOHN B. BLANK, Jr.

*v.*

THE ILLINOIS CENTRAL RAILROAD COMPANY.

*Opinion filed October 19, 1899—Rehearing denied December 9, 1899.*

1. EVIDENCE—*when contract set up in special pleas is admissible though demurrer to pleas was sustained.* A contract set up as a defense in a special plea, to which a demurrer has been sustained, is not for that reason inadmissible in evidence under the general issue, if relevant and otherwise unobjectionable.

2. CARRIERS—*railroad company may exempt itself from liability for injury to express messenger.* A contract between a railroad company and an express company, which provides that the former shall not be liable for negligence respecting injury to the express company's employees as a condition to granting the right to carry express on trains, is not against public policy. (MAGRUDER, J., dissenting.)

3. SAME—*an express messenger riding in express car, attending to express business, is not a passenger.* An express messenger carried in a special car and under a special contract to attend to his employer's express business is not a passenger.* (MAGRUDER, J., dissenting.)

*Blank* v. *Illinois Central Railroad Co.* 80 Ill. App. 475, affirmed.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on writ of error to the Superior Court of Cook county; the Hon. JOHN BARTON PAYNE, Judge, presiding.

STRONG, MILSTED & EHLE, and W. F. STRUCKMANN, for appellant:

A master cannot, by a contract with a servant, in consideration of the employment, exempt himself from lia-

---

*The rights of express messengers carried by railroads under contracts restricting liability are considered in a note to *Muldoon* v. *Seattle City Railroad Co.* (Wash.) 22 L. R. A. 794.

bility to the servant for injuries sustained through the negligence of the master and for which he would otherwise be liable, such a contract being void as against public policy. 14 Am. & Eng. Ency. of Law, 910; *Railroad Co.* v. *Orr*, 91 Ala. 548; *Roesner* v. *Herman*, 8 Fed. Rep. 782; *R. & D. Co.* v. *Jones*, 92 Ala. 218; *Johnson* v. *Railroad Co.* 86 Va. 975.

The question whether there was negligence on the part of appellee is one of fact for the jury. *Railroad Co.* v. *Ashline*, 171 Ill. 320; *Railway Co.* v. *Brown*, 152 id. 484.

The degree of negligence is a question of fact for the jury. *Railway Co.* v. *Brown*, 152 Ill. 484; *Railroad Co.* v. *Murowski*, 179 id. 77.

An express messenger, when carried under a contract with a railroad company, made by the express company, for the transportation of express matter in his charge, is a passenger for hire. *Voight* v. *Railway Co.* 79 Fed. Rep. 561; *Fordyce* v. *Jackson*, 56 Ark. 594; *Blair* v. *Railroad Co.* 66 N. Y. 313; *Railway Co.* v. *Ketcham*, 133 Ind. 346; *Jones* v. *Railway Co.* 125 Mo. 666; *Yeomans* v. *Navigation Co.* 44 Cal. 71; *Railway Co.* v. *Wilson*, 79 Tex. 371.

A contract void as against public policy cannot be held good for any purpose. *Lumber Co.* v. *Hayes*, 76 Cal. 387; *Runt* v. *Herring*, 21 N. Y. Supp. 245; Bishop on Contracts, secs. 188, 611; Clark on Contracts, 471; Anson on Contracts, 252; *McNamara* v. *Gargett*, 68 Mich. 454.

A railroad company cannot exempt itself from liability for negligence to a passenger. *Arnold* v. *Railroad Co.* 83 Ill. 273; *Hart* v. *Railroad Co.* 112 U. S. 338; *Railroad Co.* v. *Derby*, 14 How. 483; *Railroad Co.* v. *Beebe*, 174 Ill. 24; *New World* v. *King*, 16 How. 469; *Railway Co.* v. *Lockwood*, 17 Wall. 359.

EDWIN WALKER, for appellee:

The right of a railroad company to insist upon an accident release from an express messenger riding in a baggage car, although riding upon a passenger season

ticket, is upheld by the Supreme Court of Massachusetts in *Bates* v. *Railway Co.* 17 N. E. Rep. 633, and *Hosmer* v. *Railway Co.* 31 id. 652.

Railroad companies are not required, by usage or common law, to transport the traffic of independent express companies over their lines in a manner in which the traffic is usually carried and handled; and they need not, in the absence of a statute requiring it, furnish to such express companies equal facilities for doing an express business upon passenger trains. *Railroad Co.* v. *Keefer*, 44 N. E. Rep. 798; *Express cases*, 117 U. S. 1; 6 Sup. Ct. 542; *Sargent* v. *Railroad Corp.* 115 Mass. 416.

Railroad companies are common carriers, and as such have a right to restrict liability by such contracts as may be specially agreed upon, they still remaining liable for gross negligence or willful misfeasance. *Railroad Co.* v. *Morrison*, 19 Ill. 135; *Western Trans. Co.* v. *Newhall*, 24 id. 466; *Railroad Co.* v. *Reed*, 37 id. 485; *Railroad Co.* v. *Smyser*, 38 id. 355; *Express Co.* v. *Haynes*, 42 id. 89; *Railroad Co.* v. *Frankenberg*, 54 id. 88; *Railway Co.* v. *Montfort*, 60 id. 175; *Express Co.* v. *Stettaners*, 61 id. 134; *Field* v. *Railroad Co.* 71 id. 458; *Arnold* v. *Railway Co.* 83 id. 273; *Hawk* v. *Railway Co.* 147 id. 399; *Railroad Co.* v. *Simon*, 160 id. 648; *Railway Co.* v. *Chapman*, 133 id. 96.

Mr. CHIEF JUSTICE CARTWRIGHT delivered the opinion of the court:

Appellant was an express messenger in the employ of the American Express Company, and on January 15, 1896, was engaged in the performance of his duties for that company in the forward half of a baggage and express car, being the portion of such car furnished by appellee to the express company for doing its business on appellee's line. When the passenger train of which this car was a part was nearing Rockford from the east, a freight train drew in on a side-track to let it pass. The freight train had to stop twice to turn switches, and

when it finally got in on the side-track a coupling link
had broken, so that the engine lost control of the rear
part of the train and the caboose stood too near the main
track. If the link had not broken it would have been
on the side-track out of the way seven minutes before
the arrival of the passenger train. The baggage and ex-
press car struck the caboose and appellant was injured.
He sued appellee for damages, alleging in both counts of
his declaration that he was upon the car in the discharge
of his duties as messenger for the express company, and
charging, in the first count, negligence in allowing the
freight train to stand on the side-track in such a man-
ner as to collide with it, and in the second, negligence in
running the express car against the side-tracked train.
There was a trial, at which it was proved without dis-
pute that the breaking of the link, which left a part of
the freight train too near the main track, was due to
a latent defect which could not be detected. The only
question on the subject of negligence was whether or not
there was time enough, with proper exertions, to couple
up again and get out of the way. There was no evidence
of anything like gross negligence or willful conduct.

The defendant proved and offered in evidence a con-
tract made by the plaintiff with the express company to
secure employment, by which he assumed all risks of ac-
cidents and injuries in the course of his employment oc-
casioned by the negligence of any corporation operating
any railroad and releasing such railroad company from
any liability to him; also a contract, referred to in plain-
tiff's said contract, made by the American Express Com-
pany with the defendant in order to have its merchandise
and property and employees carried by defendant and
its business carried on upon defendant's line, by which
the express company agreed to indemnify and save harm-
less the defendant against all liability for loss or damage
resulting in any manner to the express matter, or the
employees, agents, messengers or officers of the express

company. After all the evidence was in, the court instructed the jury to find the defendant not guilty, which was done, and judgment entered accordingly. An appeal was taken to the Appellate Court, where the judgment was affirmed, and a certificate of importance being granted, the case was brought here.

The admission in evidence of the accident release, and the contract between the defendant and the express company, to which it referred, is assigned as error. The ground of the objection to them is, that the contract had been set up as a defense in special pleas, to which demurrers had been sustained. The sustaining of such demurrers would not affect the admissibility of the contract under the general issue if it were otherwise admissible, and it was relevant and admissible under such general issue. Plaintiff alleged and testified that he was in the employ of the express company as express messenger, and on his cross-examination it appeared that he had signed this contract fixing terms and conditions of his employment. It was proper to show such terms, and the claim that the contracts were not admissible under the issue cannot be sustained.

The main question in the case concerns the validity and legal effect of plaintiff's contract. The ground of attack upon the contract is that it is void, as against public policy. It is first argued that it is a contract of employment between the plaintiff and the express company, which is contrary to public policy, as exempting the employer from the consequences of its negligence. It is insisted that an employer cannot stipulate for immunity against his own negligence, and that a contract intended to have that effect is void, as tending to relax the employer's care and to increase the perils of the occupation. The question thus sought to be raised has no relation to this case, since the contract is not sought to be enforced for the purpose of relieving plaintiff's employer, the express company, from the consequences of

its negligence or affording it immunity for its wrongful act. It is not alleged or claimed by any one that the employer was in fault or neglected any duty toward the plaintiff. The question is whether the defendant had a right, in taking the express company and its business and employees upon its road, to make the contract that it should not be liable for the negligence of its employees.

It is insisted that plaintiff occupied the position of a passenger for hire, and that public policy will not permit a contract to be made releasing a carrier from liability to a passenger for its negligence. If the defendant was a common carrier of the American Express Company and its goods and messengers doing business on the line and in the express car in question, the authorities cited in support of that position would be applicable; but it seems to be settled that a railroad company is not a common carrier of other common carriers and their business. Each of the parties is a common carrier for the public, and the railroad company is not bound to furnish facilities to every express company that applies for carrying on its business on its road. It is not charged with the duty of carrying express companies at all, and is therefore entitled to make a special contract establishing the duty and liability of the railroad on its side and of the express company on the other. The Supreme Court of the United States so held in the express cases, (117 U. S. 1,) and pointed out the reasons why special contracts in reference to such business are necessary. A railroad company takes an express company on its road by virtue of a special contract, in which the rights and duties of the parties are defined in such manner as, in the opinion of the parties, will be most suitable or beneficial to them. Such a contract gives to the express company rights superior to other express companies and to the general public, which it has no right to demand, and which the railroad company is under no obligation to furnish except upon terms agreeable to it. In this instance such a con-

tract was made, by virtue of which the express company's goods, and the plaintiff, as its employee, were upon the car, carrying on the business of the express company as a common carrier. Plaintiff was being carried for the sole purpose of handling and caring for the express company's goods, which were being carried under the terms of the special contract and which the defendant was not otherwise bound to carry at all. The question whether, under such circumstances, a contract relieving the carrier from liability for negligence merely is valid has several times been considered. The principle was sustained in *Bates* v. *Old Colony Railroad Co.* 147 Mass. 255, and *Hosmer* v. *Old Colony Railroad Co.* 156 id. 506; and in two cases in Indiana contracts in all respects like those made in this case have been sustained by the Supreme Court. (*L., N. A. & C. R. R. Co.* v. *Keefer,* 146 Ind. 21; *P., C., C. & St. L. R. R. Co.* v. *Mahoney,* 148 id. 196.) The contract gave the express company, and plaintiff, as its messenger, rights which defendant, as a common carrier, could not have been compelled to grant, and in such a case a carrier may contract as a private carrier, and require exemption against liability for negligence as a condition of granting such rights. An agreement to take and carry property in such a case, under such conditions as the parties agree upon, is held not to be against public policy.

As against these decisions we are not referred to any decision of a court of last resort, and the only opinion to the contrary cited by counsel is one by Judge Taft, passing upon a demurrer to an answer in a trial court. In that opinion the judge expressly disapproves of the decisions of the Supreme Court of Indiana, and reaches the opposite conclusion by the following course of reasoning: In the absence of a contract exempting a railroad company from liability, the relation between a railroad company and an express messenger is that of public carrier to a passenger for hire; a railroad company is under no obligation to carry an express messenger, as such, but he

is not a different kind of freight from any ordinary passenger, except that he travels in a special car; he would have the right to demand of a railroad company that he should be carried in a passenger car if he tendered his fare; therefore, when it carries him as an express messenger in the car provided for the express matter and messenger it is discharging its function as a common carrier of persons, and he does not lose his right and character as a passenger. In other words, the opinion concedes that a railroad company is not a common carrier of other common carriers and their messengers, but holds that if it makes a special contract to carry them it does so as a common carrier and in the performance of its function and duty as a common carrier. The holding there is, that one who contracts with a carrier specially for unusual privileges, which he could not demand and the carrier is not bound to grant but which are conceded upon special conditions, is not bound by his contract. It is true that a messenger would be entitled to be carried in a passenger car if he tendered his fare, but a railroad company is not bound to carry an express messenger with his goods, for the purpose of carrying on business on its road, in a passenger car or any kind of a car. The messenger is not carried in the capacity of a passenger, but in a special car to do his employer's express business, and the common acceptation of the word "passenger" would not embrace such a person so engaged. We do not see how it could follow that because a person who is an express messenger might be a passenger in a passenger car he is also a passenger while doing his employer's business in the express car. The reasoning of the other courts seems to us the sounder and better.

An attempt is made to liken this case to the case where a person is carried with his stock or goods and where he is regarded as a passenger. There are many such cases where the carrier is bound to receive and carry goods or stock, and where, by general usage or by the

rules of the company, the owner or his agent may go or is required to go in charge of the property. In such case the owner is entitled to demand the carriage of his property as a part of the duty of the railroad company toward the public as a common carrier, under the conditions fixed by the law. The railroad company is bound to receive and carry for anybody who shall appear, and by the rules or usage of the company the charge for carrying the stock includes the carrying of the person in charge. Such a person is a passenger. But the difference in the relation between such a case and this is apparent.

The plaintiff acknowledged the execution of the contract which was a bar to his cause of action, and the direction of the court to find for the defendant was justified thereby.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*

Mr. JUSTICE MAGRUDER, dissenting:

I concur in the views expressed by Judge Taft referred to in the opinion and found in *Voight* v. *Baltimore and Ohio Southwestern Railway Co.* 79 Fed. Rep. 561. In that case it is held, and to my mind conclusively demonstrated, that, "while a railroad company is under no obligation to carry an express messenger as such, yet, when under a contract with the express company it does carry him, it is discharging its function as a common carrier of persons, and he does not lose his rights and character as a passenger because he travels in a special car provided by the railroad company;" and that "a contract, whereby a passenger on a railroad train agrees not to hold the railroad company liable for injury to him caused by the negligence of the company or its servants, is void as against public policy, and this rule applies to an express messenger carried by a railroad company in a special car under a contract with the express company."