PITTSBURGH, CINCINNATI, CHICAGO AND ST. LOUIS RAILWAY COMPANY *v.* ARNOTT, ADMX.

[No. 23,361. Filed February 5, 1920. Rehearing denied April 30, 1920.]

1. CARRIERS.—*Negligent Injury to Railway Mail Clerk.—Necessity of Pleading Carrier's Contract With Government.*—In an action for the death of a railway mail clerk alleged to have been caused by the defendant's failure to heat the mail car, it was not necessary for plaintiff to plead the contract between the defendant and the federal government, nor to set out its substance further than to show that it conferred on the decedent a right to be in the car

in which he was employed, and to be transported in the car over the defendant's railroad, since the action was grounded in tort and it was only necessary in that particular to plead a breach of duty which the law imposed on the defendant. p. 356.

2. PLEADING.—*Evidence.*—It is not proper to plead evidence. p. 356.

3. CARRIERS.—*Care Required as to Railway Mail Clerks.—Pleading. —Sufficiency.*—In an action against a carrier for the negligent death of a railway mail clerk, a complaint alleging facts showing that the decedent was being carried as a custodian of the mails under a contract to which the defendant was a party, and in the execution of which it had an interest, was sufficient to show a relation existing which imposed on the defendant the duty to exercise care for the decedent's safety; hence, it was not necessary to require the plaintiff to plead facts from which the court could determine as a matter of law the exact relation out of which the duty arose. p. 357.

4. NEGLIGENCE.—*Ordinary Care.—Pleading Nature of Relation Imposing Duty.*—Where the pleaded facts show a duty resting on the defendant to use care, the courts recognize only one standard by which care may be measured, and that is the care which a person of ordinary prudence would exercise under like conditions and circumstances. p. 357.

5. CARRIERS.—*Duty to Railway Mail Clerk.—Jury Question.*—In an action against a carrier for the death of a railway mail clerk, allegations that the defendant negligently failed to heat the car in which the decedent was employed, upon the defendant's denial thereof, raised an issue of fact for the jury to determine from the circumstances disclosed by the evidence. p. 360.

6. NEGLIGENCE.—*Duty Imposed.—Whether Question of Law or Fact. —Distinction.*—The distinction between what the law exacts as a matter of duty and what ordinary care requires as a matter of fact in order to fulfill the duty imposed by law, is that the first is absolute and arises as a matter of law out of some relation shown, while the other is relative and must be found as a fact from a consideration of the circumstances attending the specific act or omission charged as negligence. p. 361.

7. NEGLIGENCE.—*Pleading.—Existence of Duty.*—In pleading negligence it is necessary to state facts showing the existence of a duty on the defendant's part to use care in the plaintiff's favor, and the duty thus required to be shown is the positive duty to use care in favor of the plaintiff, arising out of some relation existing between the parties. p. 361.

8. NEGLIGENCE.—*Question of Fact.—Common Law.*—The common law does not impose on any one the absolute duty to observe any specific precaution, or to do any specific act in the exercise of due care, and what specific acts and precautions a person of ordinary prudence would have adopted under given conditions and circumstances is ordinarily a pure question of fact. p. 361.

9. TRIAL.—*Negligence.—Instructions.—Invading Province of Jury.*—Unless a specified act is prescribed by statute, ordinance, order or rule which gives it the force of law, or unless the specific conditions and circumstances are of such character that no other reasonable inference can be drawn therefrom, it is an invasion of the province of the jury to instruct that the doing of such specified act under the given circumstances constitutes negligence. p. 362.

10. NEGLIGENCE.—*Answers to Interrogatories.—Conclusiveness of Jury's Inferences.*—Where the conditions and circumstances under which a specific act was done or precaution omitted are found by the jury in answer to interrogatories, the court cannot declare as a matter of law that such an act or omission did or did not constitute negligence, where the opposite inference could be reasonably drawn by a mind possessed of fair and honest judgment, the inference drawn by the jury in such case being a fact. p. 362.

11. NEGLIGENCE.—*General Averment.—Sufficiency as Against Demurrer.—Motion to Make Specific.*—Where the general duty to use care is pleaded by allegations of fact showing a relation between the parties out of which such duty arises as a matter of law, it is sufficient, as against demurrer, to allege that the defendant negligently did some specific act, or that he negligently omitted some specific precaution; the remedy to require the circumstances on which the plaintiff relies as showing that a person of ordinary care would not have done the act, or would have observed the precaution, is by motion to make more specific, after which the court may consider the conditions and circumstances pleaded in determining the sufficiency of the complaint to withstand a demurrer. p. 363.

12. NEGLIGENCE.—*Complaint.—Whether Stating Law or Jury Question.—Demurrer.*—Where the complaint in a negligence case sets out the conditions and circumstances under which the alleged negligent act was done or precautions omitted, a demurrer should be sustained if the conditions and circumstances are such as to justify the court in holding as a matter of law that a person of ordinary prudence would not have done the specified act or observed the designated precaution, and the opposite inference

Pittsburgh, etc., R. Co. *v.* Arnott, Admx.—189 Ind. 350.

could not be drawn by a fair and reasonable mind; but the demurrer should be overruled where no other inference could be drawn by a reasonable mind than that a person of ordinary prudence would have done the specified act or observed the precaution, or where the conditions and circumstances are such as to justify the court in holding that reasonable minds might reach opposite conclusions as to the ultimate fact by just and logical inferences. p. 363.

13. CARRIERS.—*Carriage of Mail.—Conductor's Knowledge.*—The conductor of a train was charged with knowledge that the train was carrying a mail and baggage car, and that persons were employed therein. p. 367.

14. CARRIERS.—*Duty Owed Railway Mail Clerk.—Heating Car.— Question of Fact.*—Whether, under given circumstances, the carrier should have apprehended that injury would result to a railway mail clerk by reason of heat failing in the mail car, was a question of fact for the jury. p. 367.

15. CARRIERS.—*Duty Owed Railway Mail Clerk.—Instructions.*—In an action against a carrier for the death of a railway mail clerk, alleged as a result of heat failing in the mail car, instructions warranting the conclusion that, in deciding what acts and precautions due care required for the safety of the decedent, the jury was to consider the conditions and circumstances under which passengers are ordinarily carried were misleading, since passengers as ordinarily carried are in coaches, where their condition and comfort may be observed by the conductor. p. 367.

16. NEGLIGENCE.—*Proof of Accident.—Prima Facie Case.*—Where the instrumentalities which produce an accident are under the exclusive charge of the defendant or his servants, and the accident is such as does not occur in the ordinary course of events if those in charge use proper care, proof of the accident is sufficient to create a *prima facie* case of negligence, which will prevail unless it is met by evidence showing that the accident could not have been avoided by due care. p. 368.

17. NEGLIGENCE.—*Res Ipsa Loquitur.—Applicability to Proximate Cause.*—The rule of *res ipsa loquitur* applies to the question of negligence, but it has no application to the question of proximate cause. p. 369.

18. CARRIERS.—*Res Ipsa Loquitur.—Instructions.*—In an action against a carrier for the death of a railway mail clerk, alleged as a result of heat failing in the mail car, an instruction under which the jury could infer that, if the decedent became sick while on the train, such fact would be *prima facie* evidence that his sickness and death were caused by the defendant's negligence

was erroneous, in that it applied the rule of *res ipsa loquitur* to both the question of negligence and that of proximate cause. p. 369.

From Lake Circuit Court; *W. C. McMahan,* Judge.

Action by Hattie E. Arnott, administratrix of the estate of James W. Arnott, deceased, against the Pittsburgh, Cincinnati, Chicago and St. Louis Railway Company. From a judgment for the plaintiff, the defendant appeals. *Reversed.*

*G. E. Ross,* for appellant.

*Otto J. Bruce* and *George E. Hershman,* for appellee.

LAIRY, J.—Appellee, as administratrix of the estate of James W. Arnott, recovered a judgment in the Lake Circuit Court against appellant for damages resulting from the death of James W. Arnott, occasioned, as alleged, by the negligence of appellant.

The record discloses that James W. Arnott was, on and prior to December 27, 1915, employed by the government of the United States as a railway mail clerk, and that the work which he was employed to perform required him to make trips between the cities of Columbus, Ohio, and Chicago, Illinois, and to assort and route the mails carried by appellant over its line of railway.

It appears that on the evening of December 27, 1918, James W. Arnott left Columbus, Ohio, for Chicago, Illinois, in charge of mails in a mail car carried by appellant as a part of one of its trains, and that when the train reached Crown Point, Indiana, he was so sick that he was required to leave the car. He was taken to his home, where he died of pneumonia two days later.

The issues were formed and the case tried on two paragraphs of complaint, both of which alleged that the sickness and death of James W. Arnott was caused by the negligent failure of appellant to heat the car in which he was employed to work. As showing the relation between appellant and James W. Arnott which gave rise to a duty on behalf of the former to use care in favor of the latter, the first paragraph alleges in effect that there was an arrangement, or contract, between appellant and the United States government whereby appellant undertook to carry the United States mails over its lines of railway in mail cars forming a part of its trains, and to carry the employes of the government engaged on mail cars in assorting and routing the mails while in transit; and that James W. Arnott was on a mail car carried by appellant over its lines of road between Columbus, Ohio, and Chicago, Illinois, under and by virtue of said arrangement, while engaged in assorting and routing mails under his employment by the government.

The second paragraph alleges that James W. Arnott was being carried from Columbus, Ohio, to Chicago, Illinois, as a passenger for hire. In other respects the two paragraphs of complaint are not materially different.

The court overruled separate motions addressed by appellant to each paragraph of complaint, asking an order requiring appellee to make each paragraph more specific in the several particulars stated in the motions separately directed to each paragraph. This ruling of the court is assigned as error.

The first four specifications of the motion addressed to the first paragraph asked that plaintiff be re-

quired to state more specifically the facts showing the nature of the relation existing between defendant and James W. Arnott out of which arose the duty on the part of the former to exercise care in favor of the latter. To this end it was asked that the pleading be required to state the date, the terms and the substance of the arrangement, or agreement, entered into between the government of the United States and the defendant by which the defendant undertook to carry the mails of the United States and transport its employes while in charge thereof, as alleged in the complaint.

It must be borne in mind that the action is grounded on a tort, and is not based on contract. The plaintiff did not seek to recover under the terms of the contract mentioned in the complaint; but sought a recovery of damages growing out of a breach of duty which the law imposed upon the defendant. It was not necessary for plaintiff to plead the contract, nor to set out its substance further than to show that it conferred on James W. Arnott a right to be in the car in which he was employed to work, and to be transported in that car over the railroad of the defendant. Such allegation is sufficient to show a relation between the defendant and Arnott which would impose on the former the duty to use care for the safety of the latter. Nothing more is required on that branch of the case as a matter of pleading. If the plaintiff had been required to amend her complaint to conform to the motion, she would have been compelled to plead the evidence by which she expected to establish the relation which gave rise to the duty. It is not proper to plead evidence. *State* v. *Leonard* (1842), 6 Blackf. 173;

*Spurgeon* v. *Smith* (1888), 114 Ind. 453, 17 N. E. 105.

It is asserted, however, that it was necessary for the plaintiff to allege such facts as would enable the court to determine as a matter of law the exact nature of the relation out of which the duty arose. It is insisted that facts should be alleged from which the court could say as a matter of law that Arnott was either a passenger, a licensee, or a trespasser. The facts alleged clearly show that he was not a trespasser, and that he was something more than a mere licensee. He was being carried as a custodian of the mails under a contract to which the defendant was a party, and in the execution of which it had an interest. The facts pleaded show that such a relation existed as imposed on the defendant the duty to exercise care for the safety of Arnott. When such a duty exists, this court recognizes only one standard by which care can be measured, and that is the care which a person of ordinary prudence would exercise under like conditions and like circumstances. *Union Traction Co.* v. *Berry, Admr.* (1919), 188 Ind. 514, 121 N. E. 655, 124 N. E. 737; *Raymond* v. *Portland R. Co.* (1905), 100 Me. 529, 62 Atl. 602, 3 L. R. A. (N. S.) 94, and note; monographic note to *St. Louis, etc., R. Co.* v. *Woods* (1910), 33 L. R: A. (N. S.) 855. In the light of the rule thus announced it can make no difference, so far as the rights or the obligations of either party are concerned, whether the facts alleged show the relation to be that of carrier and passenger, or to be some other relation out of which a duty to use due care arises.

Appellant's counsel asserts that the allegations in the first paragraph of complaint do not state facts sufficient to show that the relation of carrier and pas·

senger existed between plaintiff and defendant at the time charged in the complaint, and that the failure to state such facts renders the complaint defective for failure to show a duty on the part of the defendant to use the care due from a carrier to a passenger.

Many pages of appellant's brief are directed to argument in support of the proposition stated, and to the citation of authorities to support it. The argument of counsel is logical, and the authorities cited seem to be well considered. *Baltimore, etc., R. Co.* v. *Voigt* (1900), 176 U. S. 498, 20 Sup. Ct. 385, 44 L. Ed. 560; *Louisville, etc., R. Co.* v. *Keefer* (1896), 146 Ind. 21, 44 N. E. 796, 38 L. R. A. 93, 58 Am. St. 348; *Pittsburgh, etc., R. Co.* v. *Mahoney* (1897), 148 Ind. 196, 46 N. E. 917, 47 N. E. 464, 40 L. R. A. 101, 62 Am. St. 503; *Santa Fe, etc., R. Co.* v. *Grant Bros., etc., Co.* (1913), 228 U. S. 177, 33 Sup. Ct. 474, 57 L. Ed. 787; *Blank* v. *Ill. Central R. Co.* (1899), 182 Ill. 332, 55 N. E. 332; *Central R., etc., Co.* v. *Lampley* (1884), 76 Ala. 357, 52 Am. Rep. 334. On the authority of these cases, and for the reasons stated in support of the rule therein announced, the court is asked to hold that the facts stated in the first paragraph of complaint do not show that the relation of carrier and passenger existed between appellant and appellee, and to disapprove the former holdings of this court to the contrary. *Ohio, etc., R. Co.* v. *Voight, Admr.* (1890), 122 Ind. 288, 23 N. E. 774; *Cleveland, etc., R. Co.* v. *Ketcham* (1893), 133 Ind. 346, 33 N. E. 116, 36 Am. St. 550, 19 L. R. A. 339; *Malott* v. *Central Trust Co.* (1907), 168 Ind. 428, 79 N. E. 369, 11 Ann. Cas. 879.

The court is not required in this case either to affirm or to deny the rule stated in the case last cited. The

relation shown by the facts pleaded is such as to impose on appellant, as a matter of law, the duty to exercise care in favor of appellee, and the quantum of care required to fulfill the duty thus imposed is measured by the same standard which applies where the relation existing is that of carrier and passenger. The court holds the first paragraph of complaint sufficient, not because it states facts showing that Arnott was a passenger, but because it states facts from which the court can say as a matter of law that a relation existed between him and the appellant which imposed on the latter the duty to use care for his safety. The quantum of care necessary to discharge the duty thus shown is to be determined by the application of the one standard which governs in all cases where such a duty is shown, and that is the care which a person of ordinary prudence would have exercised under like conditions and circumstances, and in view of the dangers to be apprehended. *Union Traction Co.* v. *Berry, Admr., supra.*

Whether or not the facts stated in the complaint show such a relation as gave rise to a duty to use care in favor of the plaintiff is purely a question of law for the court. It is not necessary that the court should be able to say that the relation was that of carrier and passenger, master and servant, bailor and bailee, or that it fell within any of the various classes of relations which have been so long recognized. When the facts alleged are of such a character as to give rise to a duty as a matter of law, the duty is to use care commensurate with the danger in view of the conditions and circumstances involved in discharging it. Therefore it is not important that it should be named or given a classification. It is suggested that

such a principle would abrogate a just and well-settled rule of law to the effect that the owner of premises is not generally bound to exercise care for the safety of a trespasser or licensee. The result anticipated does not follow. Where the facts alleged as showing the relation between the parties disclose that plaintiff stood in the relation of a trespasser on the premises of defendant, the courts hold that the relation thus shown does not give rise to duty on the part of the defendant to use care for the safety of appellant, in the absence of allegations showing that the defendant had actual or constructive knowledge of the presence of the intruder and that he occupied a position which exposed him to dangers of which he was ignorant.

The complaint in this case alleges that the defendant negligently failed to heat the car in which plaintiff was being carried. This allegation tendered an issue of fact in which the defendant joined by a general denial. The issue thus joined was one of fact, which the jury must be called on to decide from a consideration of the conditions and circumstances to be disclosed by the evidence. Appellant asserts that the allegation is insufficient to withstand a demurrer, for the reason that no facts, circumstances or conditions are pleaded from which the court can say as a matter of law that the defendant owed to the plaintiff any duty to heat the car. The question here presented was fully discussed in two cases recently decided by the Appellate Court. *Tippecanoe Loan, etc., Co.* v. *Cleveland, etc., R. Co.* (1915), 57 Ind. App. 644, 104 N. E. 866, 106 N. E. 739; *Belt R., etc., Co.* v. *McClain* (1915), 58 Ind. App. 171, 106 N. E. 742.

The opinions of the Appellate Court in the cases
just cited were considered and approved by this court
on petitions to transfer.  These cases point out
6.   a distinction between what the law exacts as
a matter of duty and what ordinary care re-
quires *as a matter of fact* in order to fulfill the duty
imposed by law.  The first is absolute and arises as
a matter of law out of some relation shown; the
other is relative and must be found as a fact from
a consideration of the conditions surrounding and
circumstances attending the specific act or omission
charged as being negligent.  The first is a question
of law; the second is a question of fact.  Negligence
is a mixed question of law and fact, and the failure
of the courts to observe the distinction between the
issues of law and the issues of fact involved has re-
sulted in much confusion.

It is true that in charging negligence it is necessary
to plead facts showing the existence of a duty on
the part of the defendant to use care in favor
7.   of the plaintiff, and that it is not sufficient to
state as a legal conclusion the existence of such
duty.  *Pittsburgh, etc., R. Co.* v. *Lightheiser* (1904),
163 Ind. 247, 71 N. E. 218, 660; *Pittsburgh, etc., R. Co.*
v. *Peck* (1905), 165 Ind. 537, 76 N. E. 163.  The duty
which is thus required to be shown is the positive
duty to use care in favor of the plaintiff arising out
of some relation shown to exist between the parties.

The common law does not impose on any one
8.   the absolute duty to observe any specific pre-
caution or to do any specific act in the exercise
of due care under the circumstances.  What specific
acts and precautions a person of ordinary prudence
would have adopted under the conditions and cir-

cumstances shown is ordinarily a *pure question of fact.*

It has been consistently held by recent rulings of this court that it is an invasion of the province of the jury to give an instruction stating that 9. the doing of a certain specific act, or that the failure to observe a certain specific precaution, under a given state of conditions and circumstances, constitutes negligence, unless the specified act is prescribed by some statute, ordinance, order, or rule which gives it the force of law; or unless the specific conditions and circumstances are of such character that no other reasonable inference can be drawn therefrom. *Inland Steel Co.* v. *King* (1916), 184 Ind. 294, 110 N. E. 62; *City of Decatur* v. *Eady* (1917), 186 Ind. 205, 115 N. E. 577, L. R. A. 1917E 242; *Conner* v. *Citizens St. R. Co.* (1896), 146 Ind. 430, 45 N. E. 662; *Pittsburgh, etc., R. Co.* v. *Wright, Exr.* (1881), 80 Ind. 236; *City of Franklin* v. *Harter* (1891), 127 Ind. 446, 26 N. E. 882; *Evans* v. *Adams Express Co.* (1890), 122 Ind. 362, 23 N. E. 1039, 7 L. R. A. 678; *Pennsylvania Co.* v. *Hensil* (1880), 70 Ind. 569, 36 Am. Rep. 188.

It has been held also in many cases that, where the conditions and circumstances under which a specific act was done, or certain precautions were 10. omitted, are found by jury in answer to interrogatories, the court cannot declare as a matter of law that such an act or omission, under the conditions and circumstances so found, did or did not constitute negligence, where the opposite inference could be reasonably drawn by a mind possessed of fair and honest judgment. In such cases the inference drawn by the jury is always permitted to stand

on the theory that it is within the peculiar province of a jury to consider the conditions and circumstances shown and to draw its own inferences and reach its own conclusions as to what a person of ordinary prudence would have done under like conditions and circumstances, and that the conclusion so reached is a fact. *Cleveland, etc., R. Co.* v. *Moneyhun* (1896), 146 Ind. 147, 44 N. E. 1106, 34 L. R. A. 141; *Tippecanoe Loan, etc., Co.* v. *Cleveland, etc., R. Co., supra; Smith* v. *Wabash R. Co.* (1895), 141 Ind. 92, 40 N. E. 270.

The general duty to use care being shown by the allegation of facts showing a relation between the parties out of which such duty arises as a matter of law, it is sufficient, as against a demurrer, to allege that the defendant negligently did some specific act, or that he negligently omitted some specific precaution. If the defendant desires that the conditions and circumstances on which plaintiff relies as showing that a person of ordinary care would not have done the specific act or would have observed the specific precaution charged, he should file a motion and obtain an order of court requiring such conditions and circumstances to be set out in the pleading. When that is done the court can consider the conditions and circumstances so pleaded in deciding the sufficiency of the complaint to withstand a demurrer.

When the conditions and circumstances are set out, the complaint will present one of three classes of conditions and circumstances which must be considered in passing on its sufficiency to withstand a demurrer: First, the conditions and circumstances alleged may be of such a character as to justify the court in holding as a matter of law

that a person of ordinary prudence would not have performed the specified act or observed the designated precaution under such conditions and circumstances, and that the opposite inference could not be rightly and reasonably drawn by any fair and reasonable mind; second, the conditions and circumstances alleged may be such as to justify the court in saying as a matter of law that a person of ordinary prudence would have done the omitted act, or observed the precaution alleged as constituting the negligence, and that there is room for reasonable minds to differ on the fact to be ultimately inferred; and, third, the conditions and circumstances alleged may .be such as to justify the·court in holding that there was room for fair and reasonable minds to reach opposite conclusions as to the ultimate fact by just and logical inferences, and that, while one fair and reasonable mind might conclude that a person of ordinary prudence would have done the act charged or observed the precaution stated, another mind equally fair and reasonable could by fair inference reach the opposite conclusion from a consideration of the same conditions and circumstances. When the conditions and circumstances stated fall within the first class, the demurrer should be sustained, but when they fall within either the second or the third class the demurrer should be overruled.

Unfortunately there are some decisions by this court in which the distinction herein pointed out between negligence as a matter of law and negligence as a question of fact has not been observed. The late cases of *Chicago, etc., R. Co.* v. *Lain* (1908), 170 Ind. 84, 83 N. E. 632, and *Pittsburgh, etc., R. C.* v. *Peck, supra,* are cited as recent examples, and other cases

might be cited. Some of the cases could be reconciled with the rule here stated, and some could be distinguished, but others seem to be in irreconcilable conflict therewith. It would be a task to review the cases bearing on the question, and no good purpose could be accomplished by such an effort. The rule here announced is in accord with the current of authority in this state, and, if properly applied, will harmonize many of the decisions with which it is apparently in conflict. All expressions in former opinions of this court in conflict with the rule here announced must be regarded as disapproved.

The first paragraph of complaint is sufficient as against demurrer, and also as against the motion to require the pleading to be made more specific.

In view of a contemplated reversal of the judgment, it is not considered necessary to pass on the objections raised to the second paragraph of complaint. Under the law as announced in this opinion, every fact which could be proved under that paragraph would be provable under the first paragraph of complaint, and it is probable that the second paragraph will be dismissed before entering upon a second trial.

The evidence shows that James W. Arnott was, on December 27, 1915, in the employ of the government as a railway mail clerk, and that the route assigned to him was between Chicago, Illinois, and Columbus, Ohio. It is shown that on December 26 he made the trip from Chicago to Columbus in charge of the mails, leaving Chicago at 9:40 p. m., and arriving at Columbus at 7:10 on the following morning. As shown by the testimony, he had been suffering from diabetes for about a year prior to that time, and when he started on the trip to Columbus he was not feeling

well, and did not intend to work his way back. It
is shown that when he came to the mail car, which
was to leave Columbus for Chicago at 9:50 p. m.,
December 27, he stated that he was not able to work.
He stayed in the mail car for about fifteen minutes
and then went into the baggage car, where he re-
mained during the rest of the trip from Columbus,
Ohio, to Logansport, Indiana, except on one or two
occasions, when he returned to the mail car. While
in the baggage car he lay on a cot covered with empty
mail sacks, or blankets. At Logansport, he went back
into the passenger coaches and rode to Crown Point,
Indiana, where he left the train. On December 29,
two days later, he died of pulmonary pneumonia.
The evidence further shows that the train was com-
fortably heated when it left Columbus, and that it
remained in that condition until it reached Marion,
Indiana, when a steam pipe, which was connected with
the engine and which furnished the heat to the cars,
broke and could not be fixed, after which time the
cars became very cold and remained in that condi-
tion until the train reached Logansport. Mr. Wolf
and Mr. Mason, two mail clerks who saw Arnott when
he came to the car in the evening, and who saw him
once or twice before the train reached Logansport,
testified that when the train reached that place his
voice was very husky, and he could speak scarcely
loud enough to be heard. They stated that he seemed
very weak when he came to the car before the train
left Columbus, but that they did not notice the huski-
ness until the train reached Logansport.

The case was tried on the theory that Arnott was
a passenger, and the instructions given to the jury

were based on that theory. It is well known that an ordinary passenger carried in a regular coach provided for that purpose by a railway company is surrounded by conditions entirely different from those shown by the evidence in this case. When a person is being carried as a passenger in a coach under ordinary conditions the conductor knows of his presence. If he is sick or disabled, the conductor has an opportunity to learn of his condition and to do whatever may be necessary for the protection of his health and safety in view of the circumstances. Under the evidence in this case, there is nothing to show that the conductor or any other member of the train crew knew that the appellant was in the baggage car, or that he was sick or in need of special attention. It is true that the conductor was charged with the knowledge that the train was carrying a mail car and baggage car, and that persons were employed therein, but, in deciding whether the defendant exercised ordinary care as to any of such persons, the jury was required to consider the conditions and circumstances by which such persons are surrounded and the circumstances under which the injury was sustained. It is well known that persons employed in such cars are required to work at least a portion of their time, and it was a question of fact for the jury to determine whether, under the circumstances shown, a person of ordinary prudence would have apprehended that injury would result to any one so employed by reason of heat failing in the car in which they were employed. In any event the jury was required to decide as a fact whether the defendant used such care and caution as a person of ordinary prudence would have exercised

for the safety of Arnott's health in view of the conditions under which he was carried and other attending circumstances, and without regard to conditions and circumstances under which passengers are ordinarily carried in coaches provided for that purpose. Under a number of instructions given, the jury would have been justified in concluding that, in deciding what acts and precautions due care required for the safety of Arnott, it was to consider the conditions and circumstances under which passengers are ordinarily carried. Such instructions were misleading.

The fourth instruction given by the court was particularly harmful to appellant when considered in the light of evidence. The instruction is as follows: "When it is shown that a passenger on a railroad train was injured while being carried, the presumption arises that the injury was caused by the negligence of the carrier, and the burden rests upon the carrier to remove and overcome this presumption." It is well settled that, when the instrumentalities which produce an accident are under the exclusive charge of the defendant or his servants, and when the accident is such as does not occur in the ordinary course of events if those in charge use proper care, proof of the accident is sufficient to create a *prima facie* case of negligence, which will prevail unless it is met by evidence to show that the accident could not have been avoided by due care on the part of the defendant. It was the object of the instruction quoted to state this rule so that the jury might apply it to the evidence in deciding the question of negligence or no negligence on the part of the defendant; but the instruction goes too far. It is one thing for a jury to find that the accident or condition

of which the plaintiff complains was due to the negligence of the defendant, and quite another thing to find that such accident or condition produced the injury of which the plaintiff complains. The first is a finding of negligence, and the second is a finding on the question of proximate cause. The rule of *res ipsa loquitur* applies to the question of negligence, but it has no application to the question of proximate cause. The error in the instruction under consideration is that it applies the rule to both. If the jury found that the car became cold when the conditions and circumstances were such as to require heat, it would have a right, under the rule stated, to infer that the failure to heat the car was due to negligence of the defendant, but the court could not properly instruct the jury that, if it found that Arnott became sick while on the train, such fact would be *prima facie* evidence that his sickness and subsequent death were caused by negligence of the defendant.

On account of the errors pointed out, the judgment is reversed, with instructions to sustain the motion of appellant for a new trial, and for all other proceedings not inconsistent with this opinion.