## Indianapolis & Greenfield Rapid Transit Company v. Haines.

[No. 4,481. Filed December 10, 1903. Rehearing denied March 9, 1904. Transfer denied April 19, 1904.]

Negligence.—*Interurban Railroads.*—A complaint against an interurban railroad company for personal injuries alleging that defendant negligently carried on the front of its car a banner for advertising purposes which frightened plaintiff's horse while passing along the public highway and caused it to become unmanageable,￢causing the injuries complained of, states a cause of action.  *pp. 64, 65.*

Trial.—*Contributory Negligence.—Burden of Proof.—Instruction.— Harmless Error.*—An instruction that "the burden is on defendant to prove contributory negligence, if any, upon the part of plaintiff" was harmless, where the only evidence upon that question was from defendant's witnesses.  *pp. 65, 66.*

Same.—*Incomplete Instruction.*—An instruction in an action for personal injuries, which purports only to give briefly the theory of plaintiff's cause of action, and does not undertake to enumerate the facts necessary to be proved to entitle plaintiff to recover, is not erroneous because it is incomplete, where it is not misleading when taken in connection with other instructions given.  *p. 67.*

Same.—*Interurban Railroads.—Instructions.—Frightening Horses.*—An instruction in an action for injuries resulting from plaintiff's horse becoming frightened at an interurban car on which an advertising banner was displayed, that if plaintiff's horse became frightened at the running of said car, or at the appearance of said car, aside from the banner, and said car was being run and operated in the ordinary way, the fright of the horse could not be chargeable to the defendant, can not be construed as leading the jury to believe that plaintiff might recover if his horse became frightened at the running of the car unless it was shown that the car was being operated in the ordinary way.  *pp. 67, 68.*

Evidence.—*Interurban Railroads.*—In an action for damages for injuries sustained from plaintiff's horse taking fright at an interurban car upon which a banner was displayed advertising a carnival, no error was committed in permitting the introduction of evidence describing the banners used for such advertisement.  *p. 68.*

Same.—*Interurban Railroads.*—No error was committed in excluding evidence offered by defendant, in an action for personal injuries resulting from plaintiff's horse becoming frightened at an interurban car on which an advertising banner was attached, for the purpose of contradicting testimony given on behalf of plaintiff that the banner was of the usual size used on such occasions, where it was not the theory of the complaint that an unusual banner was carried.  *pp. 68, 69.*

From Henry Circuit Court; *W. O. Barnard*, Judge.

Action by Jacob M. Haines against the Indianapolis & Greenfield Rapid Transit Company. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*Wm. A. Brown*, *E. J. Binford* and *J. P. Walker.* for appellant.

*M. E. Forkner*, *G. D. Forkner*, *Ephraim Marsh* and *Wm. W. Cook*, for appellee.

ROBINSON, J.—Suit for personal injuries. Appellee avers in his complaint that the appellant's track runs along and upon a public highway, known as the, "Old National Road;" that appellant's cars are propelled by electricity and the usual speed at which the cars are run is about twenty-five miles per hour; that on the 8th day of October, 1900, appellee was driving along the highway in a spring wagon with a top attached, drawn by one horse; that he was driving in a prudent and careful manner, and had the horse completely under his control; that while so driving one of appellant's cars approached appellee, which car had attached to the front end thereof a large banner, composed of white cloth or muslin, upon which was printed large, black letters, advertising a street carnival which was at that time about to be given or was being held in the city of Indianapolis; that the place where appellee received his injuries, as hereinafter stated, was in the public highway, and upon the railroad track, at a point about three and a half miles west of the city of Greenfield, to which place appellee was traveling; that the body of the car was painted a light ochre, "which was a strong background for displaying the banner or advertisement, which, together with the motion and speed of the car, agitated the same in such a manner as rendered it highly dangerous and well calculated to attract the notice and frighten horses, unaccustomed thereto," passing along the highway; that appellee's horse was gentle and accustomed to the approach and passage of cars in the ordinary way, but was not accustomed to the

Indianapolis, etc., Transit Co. *v.* Haines.

carrying of any extraordinary contrivances for the purpose of attracting the attention of the public; that the banner was not necessary for the proper management or running of the car, or in any manner required in the operation of the road, but was a method negligently and carelessly adopted and being used by the appellant for advertising along its route the street carnival; that when appellee observed the approach of the car, anticipating that the horse might become frightened, he had the horse under complete control, but when the horse saw the same rapidly approaching he became and was frightened by such sign, and became uncontrollable, turned upon the railroad track, and upset the wagon in which appellee was sitting, throwing appellee upon the track and under the wagon, all through the fault, negligence, and carelessness of the appellant as aforesaid; that appellee, through the appellant's "fault, negligence, and carelessness as aforesaid," sustained serious and permanent injuries. The theory of the pleading is that the injury was caused by reason of appellee's horse becoming frightened at a sign or banner on the car which appellee met while driving along the highway, and that the sign or banner was not necessary to the operation of the car. It is averred that the banner, together with the speed and motion of the car which agitated the banner, made it dangerous, and calculated to attract the notice of and frighten horses, unaccustomed thereto, passing along the highway; that the banner was not necessary in the proper management and running of the car, or in any manner required in the operation of the road, but was purely a method negligently and carelessly adopted and being used by appellant for advertising along its route a street carnival. The complaint sufficiently shows appellant's negligence, and states a cause of action.

It is argued that certain instructions were erroneous, and that certain evidence was erroneously excluded. The

court gave the following instruction: "The burden is upon the defendant to prove contributory negligence, if any, upon the part of the plaintiff." In *Indianapolis St. R. Co. v. Taylor,* 158 Ind. 274—an opinion written since the case at bar was tried—an instruction reading, "but the burden of proving contributory negligence on the part of the plaintiff rests on the defendant," was held erroneous. "It is sufficient," said the court in that case, "to call attention to the inaccuracy of any instruction that requires in express terms, or impliedly, that the contributory negligence of a plaintiff must be proved by the defendant. The jury should be informed that it is sufficient if.the contributory negligence of the plaintiff is proved by a preponderance of the evidence, without regard to whether such .evidence was given by the plaintiff or defendant, or by both." In the above case it was said that an examination of the record might show that the giving of the instruction did not mislead the jury, and was harmless error; and it was there held that, as the judgment should be reversed because of other erroneous instructions, it was not necessary to examine the record for that purpose. A careful examination of the evidence in the case at bar fails to disclose any evidence given by appellee or his witnesses that could be construed as showing contributory negligence on the part of appellee. The court properly instructed the jury that if appellee was injured as alleged, and appellant's negligence was the proximate cause of the injury, he could not recover, if by his own fault or negligence he contributed thereto. As there was no evidence given by appellee or his witnesses that could reasonably be said to show contributory negligence, and as the only evidence upon that question was from appellant's witnesses, we must conclude that while the instruction would seem to be erroneous under the above ruling, the error in giving it was not harmful to appellant. See *Indianapolis, etc., R. Co. v. Horst,* 93 U. S. 291, 23 L. Ed. 898, and cases cited in 8 Rose's Notes 969, 970;

*Washington, etc., R. Co.* v. *Harmon,* 147 U. S. 571, 37 L. Ed. 284, 13 Sup. Ct. 557.

Complaint is made of the following instruction: "The theory of the plaintiff's cause is that his injury was caused by reason of his horse being frightened at a sign or banner on the front end of the car of defendant, which he met while driving said horse on said highway, and that said sign and banner was not necessary to the operation of said car. If the plaintiff recovers, he must recover upon the theory of his complaint, and unless it is proved by a fair preponderance of all the evidence given in the cause that such horse became frightened at the sign and banner on said car, and not from any other cause, and that it was not necessary to the proper and successful operation of said railroad that the defendant should have placed said sign and banner on said car." The instruction might be said to be incomplete, but is not for that reason erroneous. It purports only to give briefly the theory of appellee's cause of action, and does not undertake to enumerate the facts necessary to be proved to entitle appellee to recover. When taken in connection with the other instructions given, there is nothing in it that would tend to mislead the jury.

Instruction number eight given by the court is as follows: "If the defendant was operating an interurban railroad on and along a public highway, and if, while running its cars along and upon its said railroad, plaintiff's horse became frightened at the running of said car, or at the appearance of said car, aside from said sign or banner, and said car was being run and operated in the ordinary way of operating said car, then the court instructs you that such fright of said horse under such condition could not be chargeable to the defendant." It would be a strained construction of the language used in this instruction to say that the jury would understand it to mean that appellee might recover if his horse became frightened at the running of the car unless it was shown that the car was being run

and operated in the ordinary way of operating the car. The court, in other instructions, correctly told the jury the theory of appellee's action, and correctly enumerated the facts necessary to be proved by appellee to entitle him to recover. A careful consideration of the instructions discloses nothing prejudicial to appellant. The instructions requested and refused, so far as applicable, were included in those given by the court. The instructions given by the court are sufficiently full, and are clear, concise, and brief —a practice to be commended in instructing juries.

Complaint is made of certain evidence admitted, and excluding certain evidence offered by appellant. Appellee testified that the banner at which the horse became frightened was an advertisement of the carnival at Indianapolis, and was about three feet square. Certain witnesses introduced by appellee testified as to the size of these carnival banners, or advertisements of the carnival. Their examination in chief was confined to a description of these particular banners or advertisements, and it seems from the evidence that all these carnival banners or advertisements were alike. There was no error in permitting these witnesses to describe the banner or advertisement. The court stated that similarity could not be proved, but that it could be shown the kind of banners that were on the cars for the purpose of proving the kind of banner in question. The evidence of these witnesses upon direct examination was not to the effect that different advertisements were used on other cars at the time of the accident and subsequently thereto. Upon cross-examination by appellant, statements were made by the witnesses, in answer to questions, concerning other banners on the cars during the same week. Excluding evidence afterwards offered by appellant for the purpose of contradicting these statements was not reversible error. It was not the theory of the complaint that an unusual banner was being carried at the time, but, as stated by the court in an instruction, it was that the injury was

caused by reason of the horse becoming frightened at a sign or banner on the front end of the car which he met on the highway, and that the sign or banner was not necessary to the operation of the car.

The jury answered interrogatories that the advertisement on the front end of the car was twenty-two by thirty inches, made of white paper, with black letters and figures for dates; that the evidence shows that the horse became frightened at the advertisement; that the car was about two hundred feet away from appellee when the horse first became frightened, and was about one hundred feet away when the accident happened; that the car was standing still, and had been standing a few seconds when the accident occurred; that appellant's track was on the south side of the highway, which was eighty feet wide, and practically level; that appellee could not have driven north of the graveled part of the road and by so doing have avoided the injury; that appellee was not attempting to force the horse into close proximity to the track. There is evidence to support the conclusions reached by the jury. What did in fact frighten the horse was a question solely for the jury. There is some evidence authorizing the jury to conclude as it did. We can not interfere with the conclusion there reached. We find no error in the record authorizing a reversal.

Judgment affirmed.