## Indianapolis & Eastern Railway Company v. Barnes.

[No. 5,183. Filed May 23, 1905.]

1. Principal and Agent. — *Railroads.* — *Conductors.* — *Authority.—Presumption.*—The general authority of a conductor of a railroad will be presumed from his known duties. p. 488.

2. Pleading.— *Complaint.*— *Judicial Notice.*— *Duty of Conductor of Railroad.*—Courts take judicial notice that certain conduct is within the scope of employment of the conductor of a train, and it is unnecessary to allege in a complaint that such conduct is within the scope of his employment. p. 488.

3. Same.—*Complaint.—Negligence.—Railroads.—Conductor.—Misfeasance.*—A complaint alleging that the conductor of a train negligently carried plaintiff past his destination, and negligently caused him to get off the train on a dark, rainy night, and negligently directed him as to the way to return to his destination, in the course of which he was seriously injured, sufficiently shows that such conductor was acting within the scope of his authority, and therefore shows a liability against the company. p. 489.

4. CARRIERS.—*Passengers.*—*Railroads.*—*Negligence.*—*Proximate Cause.*—*Carrying Beyond Station.*—Where a conductor negligently carries a passenger beyond his destination and puts him off on a dark, rainy night, and negligently directs him the way in which to return, in the course of which return he suffers injuries, the negligence in carrying such passenger beyond his destination is the proximate cause of his injuries. p. 490.

5. SAME. — *Passengers.* — *Carrying Beyond Destination.* — *Attempt to Return.*—*Contributory Negligence.*—Where a carrier negligently carries a passenger beyond his destination and puts him off on a dark, rainy night, in a solitary place, and negligently directs him to return by a certain way, such passenger is not guilty of contributory negligence in attempting so to return. p. 491.

6. TRIAL. — *Instructions.* — *Negligence.* — *Contributory.* — *Burden of Proof.*—An instruction, in a personal injury case, that "the defendant must prove such defense [contributory negligence] by a fair preponderance of all the evidence," and another that plaintiff, upon the proper proof, should recover "unless you further find that the defendant has proved by a fair preponderance of all the evidence that the plaintiff's negligence contributed to his injuries," are both erroneous, as leaving an inference that the jury should not consider any evidence introduced by plaintiff which might tend to show such contributory negligence. p. 491.

From Hamilton Circuit Court; *Ira W. Christian,* Judge.

Action by John Barnes against the Indianapolis & Eastern Railway Company. From a judgment for plaintiff on a verdict for $1,800, defendant appeals. *Reversed.*

*Kane & Kane* and *Binford & Walker,* for appellant.
*S. M. Ralston, W. S. Christian, U. S. Jackson* and *R. L. Mason,* for appellee.

BLACK, J.—In the complaint of the appellee, a demurrer to which for want of sufficient facts was overruled, it was alleged, after introductory matter, that January 2, 1903, the appellee with his wife, about 6 o'clock in the evening, at Indianapolis, took passage on one of appellant's cars, for the purpose of being carried to a point about four miles east of Greenfield, Hancock county—said point being stop No. 63, a regular stop for said car—for which passage the appellee paid the appellant the regular fare for himself

and wife, in the sum of eighty cents, "and defendant's conductor promised and agreed to notify plaintiff and his said wife when said car reached said point, which said conductor failed to do;" that the appellee and his wife were both strangers in Hancock county, and were not familiar with the locality and surroundings of the appellee's "said road and said stops;" that, at the time of paying said fares to the conductor in charge of said car, the appellee informed the conductor that he wished to leave the car at what is known as the "Range Line Road," or stop No. 63, and so paid said fares to said point, and the conductor so agreed to notify the appellee when said stop was made, which said conductor in charge of said train failed to do; that said night was dark, cloudy and rainy, "and made it impossible for plaintiff to see or know when said place was reached; that defendant's said conductor carelessly, negligently and wrongfully failed to notify plaintiff and his said wife when the car had reached said stopping place where he was so directed to do and he had agreed to do, but carried plaintiff and his said wife past said point about one-quarter of a mile, to a short distance east of Nameless creek, where he wrongfully, negligently and carelessly invited and directed plaintiff and his said wife to leave said car at said point, which was not a regular stopping place;" that the car reached said point about 7:30 o'clock p. m., and "defendant wrongfully neglected to return said car to the regular stopping place, but at said time directed plaintiff and his said wife there to alight from said car, and go back west about five poles, and they would come to said Range Line Road, or stop No. 63, which was the regular stopping place for said car, but failed to warn plaintiff and his said wife as to the dangerous condition of said road and crossing, and not directing plaintiff to the public highway, and plaintiff nor his wife not knowing of said highway, and plaintiff, under said directions, and with care attempted to return on defendant's right of way to said point, as directed by said

conductor, and it being dark and rainy he was unable to see, and not knowing of the dangerous and unsafe condition of the road he and his said wife started back west, and on reaching the bridge over Nameless creek this plaintiff, not being able to see on account of said darkness, and without any fault on his part, fell on and through said bridge, thereby breaking his collar bone," etc., the injuries suffered by the plaintiff being described at length.

1. We will notice the objections urged by the appellant against the complaint. It is claimed that the charge is that the conductor in charge of the car was guilty of all the negligent acts complained of; that it is not alleged that he at the time was acting as the agent of the appellant, and within the line of his authority and duty; and that no specific acts of negligence which would make a good cause of action are directly charged against the appellant. The general authority of an agent, officer or employe of a railway corporation may be presumed from his known duties. *Louisville, etc., R. Co.* v. *McVay* (1884), 98 Ind. 391, 394, 49 Am. Rep. 770.

2. The court may take judicial knowledge that certain conduct is within the scope of the employment of a servant of a railroad company, from the fact that he is the company's conductor in charge of a train or of an electric car of the company upon its railroad.

The facts stated in a complaint may show that a conductor was acting within the line of his employment, without a direct allegation that he was so acting. *Louisville, etc., R. Co.* v. *Wood* (1888), 113 Ind. 544, 548, 570.

In *Terre Haute, etc., R. Co.* v. *McMurray* (1884), 98 Ind. 358, 367, 49 Am. Rep. 752, it is said: "The authority of a conductor of a train in its general scope is known to all intelligent men, and the court that professes itself ignorant of this matter of general notoriety avows a lack of knowledge that no citizen who has the slightest acquaintance with railroad affairs would be willing to confess. It is true

that the exact limits of his authority can not be inferred from evidence that he is the conductor in charge of the train, but the general duty and authority may be. This general authority gives him control of the trainmen and of the train, and devolves upon him the duty of using reasonable care and diligence for the safety of his subordinates. * * * Many cases declare that the conductor, in the management of the train and matters connected with it, represents the company. * * * It results from these familiar principles, that the conductor of a train, so far as concerns the direct and immediate management of the train when it is out on the road is, in the absence of some superior officer, the general agent of the company."

3. If, in this case, no fault was attributed to the defendant except negligence of its conductor in advising or directing the passenger as to the course or route to be taken by him after safely alighting, voluntarily, from the car, it might reasonably be contended that, in such negligent conduct of the conductor, he was not acting within the scope of his duties as an employe, so as to render the employer responsible for consequent injury to the passenger in pursuing such advice or direction. Such was the case in *Cincinnati, etc., R. Co.* v. *Carper* (1887), 112 Ind. 26, 2 Am. St. 144, where the passenger had entered the wrong train through his own mistake. In that case it was said: "One great reason why a passenger is justified in obeying the directions of a conductor is because the conductor is entitled to exact obedience. His directions are in the nature of commands or requirements; he may, indeed, put them in that form; it is, therefore, most reasonable that a passenger should have a right to rely on them when they are of that nature." The directions given by the conductor as to the course to be taken by the appellee after leaving the car may be taken into consideration as part of the conditions or circumstances under which he left the car and proceeded to the place of his injury. The allegations

respecting such directions of the conductor, the appellee's ignorance of the locality, and the darkness, tend to negative what is also expressly denied—the contributory fault which otherwise would be apparent because of the character of the place into which he walked—and to show that he did not voluntarily leave the car and expose himself to the danger of the injury which he incurred.

4. The appellant's conductor negligently failed to notify the appellee when the car arrived at his destination. Because of this negligence he remained in the car, and was carried to a place where it was dangerous for him to alight and attempt to walk back in the darkness; and then the appellant, having undertaken, as a common carrier of passengers, to take him to a particular stopping place, directed and thereby caused him to get off the car in what was, under the circumstances, a dangerous place to alight. His injury was traceable in natural sequence to the conduct of the appellant in carrying him beyond the safe stopping place to which he took passage, and neglecting to return to the stopping place, and depositing him at the particular place, under the circumstances which rendered it dangerous, one of which consisted of the directions received from the appellant and its conductor. In some portions of the complaint the conduct which led to the appellee's injury is attributed to the appellant; in other portions it is alleged of the appellant's conductor in charge of the car. So far as the conduct attributed to the conductor came within the ordinary duties of such a representative of the company, he was shown by the pleading to be acting within the scope of his authority as an employe. He represented the company in its relation to the passengers, to whom the company owed the duty of taking them to the regular stopping place, No. 63. He negligently failed to notify the appellee when the place was reached, and he negligently directed the appellee to leave the car. It is also alleged that the appellant wrongfully neglected to return the car to the stopping

place to which it was its duty to take the appellee, and, whatever may be said of the scope of the duties of a conductor, it is alleged of the appellant that it directed the appellee to alight and go back to the regular stopping place, and that the appellant failed to warn the appellee of the danger, of which, under the circumstances created by the appellant's fault, the appellee needed to be warned. If the appellant, by its wrong, placed the passenger in a dangerous situation without warning, it should be held responsible for the consequences which might reasonably have been anticipated from such conduct.

5. It is claimed that the complaint shows that the appellee was guilty of contributory negligence, and that it charges that the appellee's injuries were caused by the darkness of the night and nothing else. That these objections to the pleading are not well taken, needs, we think, no discussion in addition to what has been said. The pleading can not be commended, but must be said to be quite crude. We think, however, that no sufficient ground of objection to the pleading is urged against it by the appellant.

6. Concerning the defense of contributory negligence, the court, in its third instruction, stated to the jury that "the defendant must prove such defense by a fair preponderance of all the evidence;" and in the court's fourth instruction it was stated that if the plaintiff had proved the material allegations of his complaint by a fair preponderance of all the evidence, he would be entitled to recover, "unless you further find that the defendant has proved by a fair preponderance of all the evidence that the plaintiff's negligence contributed to his injuries."

Under our statute (§359a Burns 1901, Acts 1899, p. 58) it is not necessary, in actions of this character, for the plaintiff to allege or prove the want of contributory negligence; but the existence of contributory negligence is matter of defense, and such defense may be proved under the answer of general denial. Yet if contributory negligence be

shown by the complaint, it will render the pleading insufficient, and if its existence appear from the evidence of the plaintiff, it will render the evidence insufficient to sustain a verdict in the plaintiff's favor. It is not true, therefore, that the defendant must prove the defense of contributory negligence, or that the plaintiff who has established the material allegations of his complaint (which need not negative contributory negligence) is entitled to recover, unless the defendant has proved contributory negligence. This is by no means equivalent to a charge that, if the material allegations of the complaint be proved by a fair preponderance of the evidence, the plaintiff will be entitled to recover, unless contributory negligence has been proved by a fair preponderance of the evidence. The defectiveness of these instructions has been indicated in a number of decisions. See *Indianapolis St. R. Co.* v. *Taylor* (1902), 158 Ind. 274; *Cleveland, etc., R. Co.* v. *Miles* (1904), 162 Ind. 646; *Howard* v. *Indianapolis St. R. Co.* (1902), 29 Ind. App. 514; *Indianapolis, etc., Transit Co.* v. *Haines* (1904), 33 Ind. App. 63.

There were other instructions in which the subject of contributory negligence was involved, which can not be said to have been erroneous, yet there was no withdrawal of the erroneous statements on that subject in the third and fourth instructions; and there was no express contradiction which can be supposed to have removed the impression that contributory ngeligence was not available as a defense unless proved by the defendant.

Judgment reversed.