124    APPELLATE COURTS OF ILLINOIS.

Gemmill v. Ill. Cent. R. Co., 186 Ill. App. 124.

Howard S. Gemmill, Administrator, Plaintiff in Error, v. Illinois Central Railroad Company, Defendant in Error.

Gen. No. 19,231.

1. CARRIERS, § 324*—*when railway mail clerk not a passenger.* In an action against a railroad company for the wrongful death of a railway mail clerk, where the deceased was killed by being crushed between the mail car and a concrete abutment at the side of the track when he attempted to board the car while it was being switched at the depot grounds, *held* that there was no evidence to show that deceased was a passenger on defendant's car and that a direction of a verdict for defendant was proper.

2. CARRIERS, § 324*—*rule as to railway mail clerks becoming passengers.* The rule as to a railway mail clerk becoming a passenger on a car, where his duty requires him to work, is the same as that applicable to a person who intends to become a passenger on a railway train.

Error to the Circuit Court of Cook county; the Hon. HARRY C. MORAN, Judge, presiding. Heard in this court at the March term, 1913. Affirmed. Opinion filed May 4, 1914.

**Statement by the Court.** This is an appeal by the plaintiff, the administrator of Claude S. Graham, from a judgment on a directed verdict for the defendant in an action for wrongfully causing the death of Graham, a railway mail clerk. His "run" was from Chicago to Dubuque over the road of the defendant, and he and the other mail clerks who worked with him in the same car ran six days and then laid off. Their car reached Chicago in the morning and went out at 2:30 the following morning, but the clerks began work in the car about 7:30 P. M. Their car was usually at that time on a track about fifty feet east of the baggage room, which was south of the south end of the passenger station, and while it was there the mail clerks usually got onto it. The car had neither end platforms nor end doors, but had two doors on each side. On

*See Illinois Notes Digest, Vols. XI to XV and Cumulative Quarterly, same topic and section number.

each side of each door was a handle and under each door was an iron stirrup, and the clerks ordinarily got into the car by taking hold of the handles and putting a foot in the stirrup. The defendant usually about 10 P. M. moved the car from the place where it had been during the evening to a point north of the passenger station, from which it was switched back south of the station onto a track next to that on which it was first placed, where it remained until the train was made up to go out. There was evidence tending to show that it was the custom of the mail clerks to get on a car at any place where it was standing, but none to show that any clerk ever got onto a car while it was moving.

On the day of the accident the deceased was at his home in Freeport and through missing a train did not reach Chicago until 10 P. M. Only one witness saw deceased from the time of his arrival in Chicago until after he was injured. Council, a mail clerk on the same car, hearing that he had been hurt, went to the baggage room and there found him. The witness who saw him was Hewins, a mail clerk, who testified that about ten o'clock the car was moving north and deceased threw his grip into the north or front door on the east side of the car; that the next thing the witness knew or heard of him was when he heard some one ask for Graham. This, as appears from the testimony of Council, was not until after Graham had been taken into the baggage room. There was a concrete abutment five feet high on the east side of the track on which the car was moving. The distance between the side of the car and the abutment was about six inches. Graham was severely injured and died from such injuries in August, 1909.

The declaration consists of three counts. The first avers that through the negligence of the defendant the deceased was caught between the car and a certain obstruction standing close to the track and injured, etc. The second avers that he was injured through the neg-

126        APPELLATE COURTS OF ILLINOIS.

Gemmill v. Ill. Cent. R. Co., 186 Ill. App. 124.

ligence of the defendant in maintaining an obstruction near to the track. The third avers that deceased was injured through the negligence of the defendant in providing a step to the car which was unsafe because it was smooth and slippery.

EARL J. WALKER, for plaintiff in error.

CALHOUN, LYFORD & SHEEAN, for defendant in error; JOHN G. DRENNAN, of counsel.

MR. PRESIDING JUSTICE BAKER delivered the opinion of the court.

As to the third count it is sufficient to say that there is no evidence tending to show that the deceased stepped on the step.

While the evidence does not clearly show how the deceased came to be injured, we think that from it the jury might properly find that he was injured by being caught between the mail car and the abutment.

In order to recover it was necessary to prove facts from which the jury might properly find that the deceased was a passenger on defendant's car when injured. The rule as to a railway mail clerk becoming a passenger on the car, where his duty requires him to work, is the same as that applicable to a person who intends to become a passenger on a railway train. The relation of carrier and passenger is contractual, and to make such contract the assent of both parties is necessary. If a person intending to become a passenger goes to the place provided for passengers to take a train, the company is bound to accept him as a passenger and its assent to the contract may be implied. But such assent cannot be implied and he does not become a passenger until he places himself in the care of the company as a passenger. If on his way to the station he should be injured in crossing the track of the defendant outside of the station grounds by a car of the defendant, it could not be held that the re-

lation of carrier and passenger existed at the time of such injury, for in such case the injury would occur before he had placed himself in the care of the defendant as a passenger, and before the defendant had expressly or impliedly accepted or received him as such.

In this case, if the deceased had gone to the car with the intention of going to work while it was standing at the place where mail clerks usually got onto it, or perhaps if he had gone to the car to get onto it at any place where he found it standing, the defendant would have been bound to receive and accept him and he would have been entitled to the rights of a passenger and the defendant charged with the duty to him of a carrier to a passenger. But the deceased attempted to get on the car while it was moving and after it had gone a considerable distance from the place where it stood from seven to ten o'clock every night and where the mail clerks usually got onto it. The law will not imply a contract by a railway company to assume the duty of a carrier to a passenger from such facts as are disclosed by the record in this case. *Farley v. Cincinnati, H & D: R. Co.*, 47 C. C. A. 156, 108 Fed. 14; *Illinois Cent. R. Co. v. O'Keefe*, 168 Ill. 115; *Chicago & E I. R. Co. v. Jennings*, 190 Ill. 478.

It follows from what has been said that in our opinion there was no evidence from which the jury might properly find that deceased was a passenger on defendant's car, and that therefore a verdict for the defendant was properly directed. This conclusion renders it unnecessary to consider the other grounds on which counsel for defendant in error insist that the court properly directed a verdict for the defendant.

The judgment is affirmed.

*Affirmed.*