PITTSBURGH, CINCINNATI, CHICAGO AND ST. LOUIS
RAILWAY COMPANY v. ARNOTT, ADMINISTRATRIX.

[No. 11,266.    Filed May 12, 1922.    Rehearing denied October 25,
1922.    Transfer denied May 31, 1923.]

1.  APPEAL. — Briefs. — Sufficiency. — Questions Presented. —
Waiver.—In an action by an administratrix against a railroad
company for causing a death, where the defendant failed to
set out in its brief any motion, affidavit or suggestion of its
nonexistence as a corporation, and a verified denial of the al-
leged nonexistence filed by plaintiff did not appear in defend-
ant's brief, nor did the court's ruling on the questions presented
appear, the question of lack of jurisdiction on account of non-
existence was waived. p. 41.

2.  APPEAL.—Review.—Subsequent Appeals.—Law of the Case.—
In an action by an administratrix against a railroad company,
the opinion on a former appeal of the case cannot be attacked
in a subsequent appeal, for as to the second trial and subse-
quent appeal, it is the law of the case. p. 42.

3.  APPEAL.—Review.—Subsequent Appeals.—Law of the Case.—
Nature of Action.—Conclusiveness.—In an action by an admin-
istratrix against a railroad company for causing the death of
plaintiff's decedent, who was a mail clerk, the conclusion in a
former appeal that plaintiff did not seek to recover under the
terms of a contract between the government and the railroad
for carrying the mail, was final as to the nature of the action
in a subsequent appeal. p. 43.

4.  CARRIERS.—Duty to Railway Mail Clerks.—Instructions.—In
an action against a railroad company for failure to heat a
mail car, causing the mail clerk to contract pneumonia, from
which he died, where it appeared that he left the mail car and
rode a greater part of the trip in the baggage car and after-
wards in a passenger coach, an instruction that "a mail clerk
in charge of mail becomes a passenger and is entitled to be
treated the same as other passengers, and if such clerk while
in charge of the mail is injured through the negligence of the
carrier" he may recover damages, held, misleading and prejudi-
cial to the railroad company. p. 46.

From Porter Circuit Court; H. H. Loring, Judge.

Action by Hattie E. Arnott, administratrix of the es-
tate of James W. Arnott, deceased, against the Pitts-
burgh, Cincinnati, Chicago and St. Louis Railway Com-

pany. From a judgment for plaintiff, the defendant appeals. *Reversed.*

*G. E. Ross,* for appellant.

*Otto J. Bruce, Foster Bruce* and *George E. Hershman,* for appellee.

NICHOLS, J.—This is the second appeal of this case, the first appeal having been to the Supreme Court from a judgment of the Lake Circuit Court, under the same title as here, and reported in 189 Ind. 350, 126 N. E. 13. In the former appeal the dismissal of the second paragraph of complaint was suggested as all evidence admissible under it was also admissible under the first paragraph. Therefore, when the cause was remanded to the trial court such second paragraph was dismissed. Appellee's statement that the cause was again submitted to the jury for trial upon the same facts proved in evidence at the former trial is not challenged by appellant, and, as these facts are stated in the former opinion, we do not need to restate them here.

Appellant challenged the jurisdiction of the Porter Circuit Court to proceed with the trial because of an alleged suggestion made by it of its nonexistence

1. (or death), contending that the affidavit of such suggested nonexistence (or death) of appellant was of itself sufficient to divest the court of jurisdiction to proceed. However, appellant has failed to set forth in its brief any motion, affidavit or suggestion purporting to have been made by it, showing such nonexistence.

Appellee states that she filed a verified denial of the alleged nonexistence (or death). Such verified denial does not appear in appellant's brief nor does the ruling of the court upon the question thus presented appear. Under such condition of the record, as appears by the brief, the question is waived. *Lawler* v. *Bear* (1919), 188 Ind. 308, 122 N. E. 660.

Further, at the trial of the cause, appellee introduced in evidence an interrogatory to appellant, together with its answer thereto, in which it stated its name to be the Pittsburgh, Cincinnati, Chicago and St. Louis Railway Company. There is no evidence as to when said appellant ceased to exist under the name above, or as to the manner in which it ceased to exist, and these facts, together with the fact that under the name aforesaid it vigorously defended in the trial court, and now prosecutes this appeal, lead us to the conclusion that there is no merit in this contention.

In the former appeal the judgment was reversed because of the error of the court in giving certain instructions. The second trial of the cause resulted in 2. the judgment from which this appeal is prosecuted. Appellant devotes much of its brief, and its argument to the challenge of that portion of the former opinion which was adverse to it. But with such challenge of the correctness of the former opinion this court has nothing to do. That opinion was by the Supreme Court of the state, and, so far as the second trial and this appeal are concerned, it is the law of the case. *Cleveland, etc., R. Co.* v. *Blind* (1917), 186 Ind. 628, 117 N. E. 641; *Pittsburgh, etc., R. Co.* v. *Wilson* (1910), 46 Ind. App. 444, 91 N. E. 725; *Pittsburgh, etc., R. Co.* v. *Collins* (1907), 168 Ind. 467, 80 N. E. 415.

Appellant devotes its contention largely to the proposition that the appellee cannot recover without making proof of the arrangement and agreement between the government and the railroad company with reference to the carrying of the mails, under which agreement appellee's decedent was carried upon the train.

Appellant tendered a number of instructions which were refused by the court. These instructions, it says, proceeded upon the theory, as declared in the number of cases which appellant has cited, that the right to

have the mail transported, and the right to those in charge of such mails to be upon or ride the trains, as well as the duties imposed upon the railroad company arise out of, and are controlled by, a special contract, of which contract said mail clerk is bound to take notice; that his rights are controlled and fixed thereby.

Appellant having stated that these instructions so tendered proceed upon the theory that appellee's rights are controlled by the contract, we do not need further to consider them for the reason that this question was definitely determined in the former appeal where the court said that it was not necessary for appellee to plead the contract or to set out its substance further than to show that it conferred on appellee's decedent a right to be carried in the car in which he was employed to work. In the former appeal the court stated that appellee did not seek to recover under the terms of the contract. This conclusion of the Supreme Court is final as to this case.

By the averments of the amended complaint upon which the cause was tried, it appears that appellee's decedent was in the employ of the government as a mail clerk working in the mail car upon appellant's railroad between the cities of Chicago, Illinois, and Columbus, Ohio; that while so engaged in the performance of his duties on December 27, 1915, he left the city of Columbus at about 9:50 p.m.; that appellant carelessly and negligently operated the said train upon which appellee's decedent was engaged in the work as a mail clerk by negligently and carelessly failing to heat said car, and that it negligently and carelessly permitted said car to become extremely cold, and that decedent, by reason thereof, became sick and disabled and contracted pneumonia, and was unable to perform his duties as said mail clerk and was compelled to leave said mail car on

appellant's train at Crown Point, Indiana, from which sickness he died two days afterward.

But by the undisputed evidence as summarized in the former opinion it appears that the decedent had been suffering from diabetes for about a year prior to that time, and that, when he started on the trip to Columbus he was not feeling well and did not intend to work his way back.   It is shown that when he came to the mail car, which was to leave Columbus for Chicago at 9:50 p.m. he stated that he was not able to work.

He stayed in the mail car for about fifteen minutes and then went into the baggage car where he remained during the rest of the trip from Columbus, Ohio to Logansport, Indiana, except on one or two occasions when he returned to the mail car.   While in the baggage car he lay on a cot, covered with empty mail sacks or blankets.   At Logansport he went back into the passenger car and rode to Crown Point, Indiana, where he left the train and two days later died of pulmonary pneumonia.   The train was comfortably heated when it left Columbus and so remained in that condition until it reached Marion, Indiana, when a steam pipe which was connected with the engine and which furnished the heat to the cars, broke and could not be fixed, until the train reached Logansport, in which time the cars became very cold and remained in that condition until the train reached that point.   It does not appear, then, from any evidence, that the decedent was engaged in the performance of his duties on the return trip from the city of Columbus, or that he was in the mail car, except upon two visits thereto.   To the contrary, it appears that he was lying upon a cot in the baggage car covered with empty mail sacks or blankets during the journey until he reached Logansport, at which place he went to the passenger coach.   There is no complaint that the passenger coach in which he thereafter rode was not prop-

erly heated. It is a matter of common knowledge that baggage cars, with their wide doors, and because of the frequency with which they are opened for the purpose of receiving and discharging baggage, are not as easily kept warm as other parts of the train less exposed to the cold.

Without discussing the merits of appellant's contention that the court must determine the relation existing between appellee's decedent and appellant, which question the Supreme Court in its former opinion declined to determine, it is apparent that the decedent's right upon the train was as a mail clerk of the government engaged in the performance of his duties in the mail car, or, if not engaged in the performance of his duties but returning therefrom, then his right was in the passenger coach along with the regular passengers for hire therein. We know of no rule of law that authorizes or requires a railroad company to carry a mail clerk or any other person than the baggage master in the baggage car and to protect him therein as an ordinary passenger from the inclemency of the weather. As said in the former opinion, there is nothing to show that the conductor or any other member of the train crew knew that the decedent was in the baggage car, or that he was sick, or in need of special attention. The conductor and the train men had a right to presume that he was at work in the mail car in the performance of his duties as a mail clerk. Had he gone to the passenger car, as was his right and duty when not at work, the train men could have and no doubt would have administered to his necessities under the circumstances.

In the former opinion the court says: "Under a number of instructions given, the jury would have been justified in concluding that in deciding what acts and precautions due care required for the safety of Arnott, it was to consider the conditions and circumstances

under which passengers are ordinarily carried. Such instructions are misleading." At the second trial the court by its instruction No. 10 told the jury that "a mail clerk in charge of mail becomes a passenger and is entitled to be treated the same as any other passenger, and if such clerk while in charge of the mail is injured through the negligence of the carrier such clerk, if no act of his contributed to his injury, may recover damages because of such injuries."

As shown above, appellee's decedent, by the undisputed evidence, was not a mail clerk in charge of the mail in the mail car, nor was he in the place

4. where passengers are carried, nor was he in a place where it could be expected that he would be treated the same as any other passenger, for there can be no presumption that the conductor knew that he was in the baggage car or knew of the condition of his health, or that he was unduly exposed to the cold. There was no evidence to justify the instruction.

We think that it is clearly within the inhibition of the instructions which were condemned in the former opinion, that it was misleading, and that it should not have been given, and that appellant was prejudiced thereby.

For this error the judgment is reversed, with instructions to grant a new trial.

McMahan, J., not participating.