## PITTSBURGH, CINCINNATI, CHICAGO AND ST. LOUIS RAILROAD COMPANY *v.* JONES.

[No. 11,947.   Filed March 20, 1925.]

1. CARRIERS.—*Railway mail clerks are passengers.*—Railway mail clerks, required by §4000 Rev. Stat. U. S. (§7480 U. S. Comp. Stat. 1916) to be carried by railroad companies without compensation, are passengers. p. 571.

2. CARRIERS.—*Railway mail clerk not deprived of his rights as passenger by fact that he was working in mail car standing, on track waiting to be switched into train.*—Where a railway mail clerk was injured by a carrier while performing his regular duties in a mail car, the fact that the car was at the time standing on a track in a depot ready to be switched into, his regular train did not deprive him of his rights as a passenger. p. 571.

From Henry Circuit Court; *J. R. Hinshaw,* Judge.

Action by Clyde O. Jones against the Pittsburgh, Cincinnati, Chicago and St. Louis Railroad Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Newby & Newby* and *John L. Rupe,* for appellant.
*Miller & Matterson, William O. Barnard* and *Frank A. Wisehart,* for appellee.

NICHOLS, J.—Action for personal injury alleged to have been received on the night of September 27, 1920, in the passenger station at Richmond, Indiana, while appellee was in the United States mail service as a railroad mail clerk running on the regular passenger train from Cincinnati to Chicago.

A trial by jury resulted in a verdict in favor of appellee for $6,000, upon which, after appellant's motion for a new trial was overruled, judgment was rendered. The only errors assigned are the court's action in overruling appellant's demurrer to the complaint, and in overruling its motion for a new trial.   Appellee's cause

of action is based upon the following facts alleged by him in his complaint:

He had been in the railroad mail service for some years, running between Cincinnati and Chicago, over the line of appellant, and on a regular passenger train leaving Cincinnati. On September 27, 1920, he was engaged in his usual and proper duties as a mail clerk. His train arrived at Richmond about 12 o'clock, midnight; it was the usual custom at that time for the said train to take on a mail car from Dayton, Ohio, and to carry the same to Chicago; it was also the usual custom, upon the arrival of the train at Richmond, that one of the mail clerks on said train should go to the mail car from Dayton which was left upon the track in the station at Richmond, enter said car and assort the mail, and said car was then switched from the track on which it was left in the station into the said Cincinnati and Chicago train.

Appellee on the night in question, as was the usual custom, left his mail car on the arrival of the train from Cincinnati and entered the mail car on the track in the station, which had arrived from Dayton, for the purpose of sorting the mail during the time said train remained at Richmond. On entering the car from Dayton, appellee commenced his usual and proper duties as mail clerk and in repiling the boxes, packages and sacks, and, while so doing, appellant carelessly and negligently ran its locomotive engine against said storage mail car with great force and violence; the force and shock of the collision was such that it drove said storage car several feet along the track upon which said storage car was standing at the time, and when said collision occurred, appellee was in said storage car and had just lifted onto his shoulder a heavy case of mail, and, in consequence of said collision, appellee was hurled, forced and thrown against the side of the car

with great force and violence, jamming him against the side of the car with one end of a box against him and the other against the side of the car, following which, he was thrown to the floor of the car with great force and violence; thereby sustaining great and permanent injuries.

Appellant concedes that under §7480 U. S. Comp. Stat. 1916 (§4000 Revised Statutes of the United States), there is an obligation imposed upon railroad companies to carry mail agents or clerks without compensation, and that they are held to be passengers. Numerous authorities so holding are cited in *Malott* v. *Central Trust Co.* (1906), 168 Ind. 428, 11 Ann. Cas. 879, and in the case of *Barker* v. *Chicago, etc., R. Co.* (1909), 243 Ill. 482, 90 N. E. 1057, 26 L. R. A. (N. S.) 1058. But appellant contends that when appellee left the train and went to the mail car on another track, and was injured when such car was being switched into the regular train, his relation while in the mail car so being switched into the train as a passenger ceased. But we do not so understand the law. It is averred in the complaint and appears by the evidence that it was the custom for the train here involved to pick up the Dayton mail car upon arriving at Richmond, and that it was also the custom for a mail clerk, upon such arrival of the train, to go immediately to the mail car for the purpose of arranging the mail to save time in its distribution, and that this was a duty imposed by the government upon the mail clerks. Appellee in following the custom was performing the duty required of him by the government at the time he was injured. The fact that the mail car in which appellee was performing his regular duties was at the time standing on a track in the depot ready to be switched into the regular train did not take from him his rights as a passenger. *Wabash R. Co.* v. *Jelli-*

son (1906), 124 Ill. App. 652; *Gemmill* v. *Illinois Central R. Co.* (1914), 186 Ill. App. 124.

Appellant cites *Pittsburgh, etc., R. Co.* v. *Arnott, Admx.* (1920), 189 Ind. 350, 126 N. E. 13, and as decided by this court, 80 Ind. App. 40, 135 N. E. 365, to sustain its contention, but the circumstances in that case were so different from those in the instant case, that we hold it not in point. Appellant's contention is presented by error in overruling the demurrer to the complaint, and in giving an instruction to the jury, but we hold that the court committed no error in that regard. There was ample evidence to sustain the verdict.

The judgment is affirmed.