## PITTSBURGH, CINCINNATI, CHICAGO AND ST. LOUIS RAILWAY COMPANY v. STEPHENS.

### [No. 12,538. Filed June 8, 1927.]

1. COURTS.—*State courts have jurisdiction of action by postal clerk against railroad for injuries resulting from defendant's negligence.*—An action by a railway postal clerk against a railroad company for injuries resulting from the negligent operation of the train on which he was working as such clerk, causing the plaintiff to be thrown from the mail car, is within the jurisdiction of the courts of this state, the jurisdiction not depending on or involving the construction of any federal statute. p. 254.

2. RAILROADS.—*Complaint by postal clerk against railroad for personal injuries held sufficient.*—Complaint *held* sufficient to state a cause of action in favor of a postal clerk against a railroad company for personal injuries resulting from the negligent operation of a train on which he was working as such clerk, causing him to be thrown from the mail car. p. 254.

3. CORPORATIONS.—*Verified answer of general denial does not require proof of existence of corporate defendant.*—In an action against a corporation, a verified answer of general denial does not put in issue the corporate existence of the defendant and, therefore, does not require proof thereof before recovery can be had. p. 254.

4. PLEADING.—*Plea of "nul tiel corporation" is plea in abatement, and must precede plea in bar.*—A plea of "nul tiel corporation" is a plea in abatement and must precede a plea in bar, and cannot be pleaded after filing an answer in general denial. p. 254.

5. CARRIERS.—*Instruction requiring railroad to exercise "the highest degree of care" in operation of its train held erroneous.*—In an action by a railway postal clerk against a railroad company for personal injuries alleged to have resulted from the negligent operation of the train on which he was working, an instruction that the jury, in determining whether the defendant was negligent, should determine whether it exercised "the highest degree of practical diligence and care or whether such diligence, care, prudence and foresight might have safely guarded the plaintiff from his alleged injury," was erroneous, as degrees of negligence are not recognized in this state. p. 255.

6. CARRIERS.—The only duty a railroad owes a passenger is to exercise reasonable care to protect him from injury. p. 255.

7. NEGLIGENCE.—*Instruction that contributory negligence must be proved by defendant held erroneous.*—In an action for per-

sonal injuries alleged to have resulted from defendant's negligence, an instruction that contributory negligence of the plaintiff was a defense which the defendant must prove by a preponderance of the evidence was erroneous, as such defense could be established by evidence of the plaintiff or defendant or both.    p. 256.

From Cass Circuit Court; *Paul M. Souder*, Judge.

Action by Lyman C. Stephens against the Pittsburgh, Cincinnati, Chicago and St. Louis Railway Company. From a judgment for plaintiff, the defendant appeals. *Reversed.*    By the court in banc.

*G. E. Ross*, for appellant.

*David D. Fickle, George A. Gamble* and *Thomas C. Bradfield*, for appellee.

McMAHAN, J.—Appellee was a railway postal clerk in the employ of the United States government and while riding on one of appellant's passenger trains in the course of his duties, and in that part of a car set apart for the transportation of mail, he was injured by being thrown out of the car in which he was working by reason of the alleged negligence of appellant.

This is an action against appellant by appellee to recover damages becau_e of the alleged negligence in the operation of the train in which appellee was riding. A demurrer to the complaint was overruled. There was a trial by jury which resulted in a verdict and judgment for appellee. The errors assigned are that the court erred in overruling the demurrer to each paragraph of the complaint and in overruling a motion for a new trial.

The salient allegations in each paragraph of the complaint are, in substance, as follows:    Appellant owned and operated a railroad running from Logansport, Indiana, to Columbus, Ohio, and points beyond, and, on and prior to the day when appellee was injured, operated and ran a passenger train from Logansport to

Columbus, one of the cars going to make up such train being a combination baggage and mail car, which was divided into two compartments, one being for baggage and one for mail. The compartment used for mail was about thirty feet long. There was a door on each side of this compartment about four feet from the end. These doors were necessary and were used by the railway postal clerks in receiving and discharging mail and as a means of providing fresh and pure air, the whole space between the doors and the end next to the baggage compartment being occupied by mailing tables, racks and shelves. On and prior to the day of his injury, appellee was a United States railway postal clerk, assigned to receive and distribute mail in the car furnished by appellant for that purpose, and in which appellee was at the time of his injury riding. By virtue of a contract between appellant and the United States government, appellant was required to and did extend to appellee the facilities of free travel on the passenger train running between Logansport, Indiana, and Columbus, Ohio, when he was on duty as a railway postal clerk. That when he was so riding, the relation between appellant and appellee was that of a common carrier of passengers and passenger, and that appellant never made any objection to appellee riding on said car, but recognized and accepted him on such train as a passenger. That on the day of his injury, when so running its train and while appellee was riding thereon, appellant, in order to make up lost time, and before the train reached a certain abrupt curve in the railroad, increased the speed of the train so that the train was being run at a high and dangerous rate of speed. That before reaching such curve, appellant failed to reduce the speed of the train before entering upon and running the train over and along such curve. By reason of such high and dangerous speed, the car in which

appellee was riding was suddenly and unexpectedly lurched and, by reason thereof, appellee was violently thrown across the car and out of the door to the ground and injured. Each paragraph of the complaint specifically alleges that appellee's injury was caused by the carelessness and negligence of appellant in causing the train to enter and run over and along the curve at a high and dangerous speed.

Appellant's first contention is that the judgment appealed from is void for want of jurisdiction of the subject-matter by the trial court. In support of this contention, appellant says the alleged cause of action rests upon a construction and enforcement of the laws of Congress, and that the constitution and laws of the state have not given the courts of this state the right or power to construe or enforce such laws, for which reason, the trial court was without jurisdiction. We cannot agree with this contention. This is an action to recover damages for a tort alleged to have been committed by appellant in the operation of a train on which appellee was riding,—a subject-matter of which the trial court had jurisdiction. The jurisdiction of the subject-matter does not depend on any federal statute.

Each paragraph of the complaint in the essential facts therein alleged is identical with the facts alleged in *Pittsburgh, etc., R. Co.* v. *Arnott, Admx.* (1920), 189 Ind. 350, 126 N. E. 13, and on the authority of that case we hold there was no error in overruling the demurrer to either paragraph of the complaint. See, also, *Pittsburgh, etc., R. Co.* v. *Jones* (1925), 82 Ind. App. 569, 146 N. E. 864.

Appellant's next contention is, that the verdict is not sustained by sufficient evidence, but since the judgment must be reversed for other reasons, we would give this contention no consideration were

it not for the fact that appellant insists that, under its verified answer of general denial, the corporate existence of appellant had to be proved, and that since there was no evidence on this subject, there can be no recovery. Appellant has cited no authority in support of this last contention. Its contention seems to be based upon the theory that a verified answer of general denial, is, in effect, a plea of *nul tiel* corporation. This theory cannot be sustained. A plea of *nul tiel* corporation is a plea in abatement, and must precede a plea in bar. A general denial is a plea in bar. It follows that by filing an answer in bar, the defense of *nul tiel* corporation is waived, and that no proof of the corporate existence of appellant was necessary.

The court in instruction No. 5, given at the request of appellee, told the jury that, in determining whether appellant was negligent in the operation of its train at the time and place where appellee was injured, it should determine whether appellant or its servants operated the train by "exercising the highest degree of practical diligence and care, or whether such diligence, care, prudence and foresight might have safely guarded plaintiff from his alleged injury." In instruction No. 10, given at the request of appellee, the court, after telling the jury that the law imposed a duty upon railroads carrying passengers to control the movement of their passenger trains with a degree of caution in proportion to all known or apprehended danger to passengers on their trains, again told the jury that a railroad was bound to exercise the "highest degree of practical care and foresight for the safe carriage of passengers riding on their trains." These instructions do not correctly state the law. No degrees of negligence are recognized in this state. The only duty a railroad owes a passenger is to exercise reasonable care to protect him from injury. The giving of

these instructions is reversible error. *Union Traction Co.* v. *Berry, Admr.* (1919), 188 Ind. 514, 121 N. E. 655, 124 N. E. 737; *Pittsburgh, etc., R. Co.* v. *Arnott, Admx., supra.*

Appellant also complains of instruction No. 11 given at the request of appellee. This instruction is as follows: "Contributory negligence is a defense. Before the defendant can avail itself of the advantage of contributory negligence as a defense to this action, it must prove by a preponderance of the evidence that the plaintiff was guilty of misconduct contributing directly to his own injury." No other instruction was given on the question of contributory negligence. The instruction given does not meet with our approval and should not have been given. As was said in *Indianapolis St. R. Co.* v. *Taylor* (1902), 158 Ind. 274, 280, 63 N. E. 456: "It is sufficient to call attention to the inaccuracy of any instruction that requires in express terms, or impliedly, that the contributory negligence of a plaintiff must be proved by the defendant. The jury should be informed that it is sufficient if the contributory negligence of the plaintiff is proved by a preponderance of the evidence, without regard to whether such evidence was given by the plaintiff or defendant, or by both." See, also, *Cleveland, etc., R. Co.* v. *Miles* (1904), 162 Ind. 646, 70 N. E. 985; *City of Indianapolis* v. *Cauley* (1905), 164 Ind. 304, 73 N. E. 691; *Chicago, etc., R. Co.* v. *Vandenberg* (1905), 164 Ind. 470, 73 N. E. 990; *Indianapolis, etc., Transit Co.* v. *Haines* (1903), 33 Ind. App. 63, 69 N. E. 187; *Indianapolis, etc., R. Co.* v. *Barnes* (1905), 35 Ind. App. 485, 74 N. E. 583.

For errors in the giving of instructions, the judgment is reversed with directions to grant a new trial, and for further proceedings consistent with this opinion.

Dausman, J., absent.